## District of Clifton in Campbell County v. Cummins.

(Decided June 18, 1915.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Licenses.—Where the charter of a municipality empowered it to levy only an ad valorem tax, and a license tax, on gross receipts of business conducted in the municipality, it did not have power to impose a license tax on vehicles.

2. Municipal Corporations—Licenses.—The power to levy a license tax will not be implied from general powers conferred by charter.

HOWARD M. BENTON and ELMER C. SCHWERTMAN for appellant.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The district of Clifton in Campbell county is a municipality, but not a city or town as designated by Chapter 89 of the Kentucky Statutes. This municipality, by an act approved February 1, 1888, was incorporated and given certain powers of self government vested in a Board of Trustees.

The autonomy of the district as a municipality was recognized by this court in the case of Gleason v. Weber, 155 Ky., 431.

Section 6 of the act creating the municipality gave to the board of trustees the power to levy and collect an *ad valorem* tax, a license tax on the gross receipts of any business conducted within the corporation, and the "power to license each tavern, hotel, coffee house or any other establishment wherein malt, fermented, vinous or spirituous liquors are retailed."

The Board of Trustees of the District of Clifton by an ordinance approved June 17, 1914, imposed a license tax of from three to five dollars on the several kinds of vehicles designated therein which were used upon the streets of said district.

The appellee, a painting contractor, resident of the district, is the owner of a horse and wagon which plies the streets of the district, and under the ordinance he is subject to the tax of three dollars per annum for the use of said horse and wagon upon the streets of the corporation.

In response to appellee's petition the circuit court enjoined the officers of the district from arresting and prosecuting appellee for failing to comply with the ordinance, from which judgment this appeal is prosecuted.

The appellant insists that, under the general welfare clause of its charter, and in the exercise of its police power, it has the right, in the absence of specific authority so to do, to impose a reasonable license tax on vehicles; that a license fee of three dollars is too small to be deemed a revenue measure, and that the wisdom of the board of trustees in providing a system of registering vehicles for which a fee is charged should not be questioned by this court.

The measure of power conferred upon municipal corporations is subject to legislative discretion, and it is the settled rule in this jurisdiction that, in the absence of an express delegation, or a necessary inference from

some express power, the municipality cannot lawfully act. The District of Clifton was granted the power to impose certain license taxes which are enumerated in the act of the Legislature delegating the power, but the right to levy a tax on vehicles is not included within the delegation to the district. This right cannot be implied from the grant; neither is it an incident to the power granted to the municipality. In the case of Bowser & Company v. Thompson, Judge, 103 Ky., 331, this court held that an ordinance of the City of Louisville imposing a tax on certain vehicles was valid because the legislature had, by Section 3011 of the Kentucky Statutes, delegated to cities of the first class the power to impose a license tax on "each vehicle running in the city."

In the City of Henderson vs. Lockett, Etc., 157 Ky., 366, this court held that an ordinance of the City of Henderson imposing a tax on automobiles was valid, because the General Assembly, by Section 3290, had delegated to cities of the third class the power to "license, tax and regulate hackneys, carriages, cars, omnibuses, wagons, drays and all other vehicles."

In the case of the City of Covington v. Wood, 98 Ky., 344, this court had under consideration an ordinance passed by the City of Covington, a city of the second class, imposing a license tax on "all vehicles owned by persons within or without the corporate limits of the city making use of the streets for whatsoever purpose, except farmers marketing the products of their farm." Section 3058 of the Kentucky Statutes authorizes cities of the second class to license certain vehicles enumerated therein and "all other vehicles used or let for hire." This court held that the words "used or let for hire" limited the authority granted to the city to such vehicles as were used for public purposes, and said: "We conclude that the ordinance, in so far as it imposes license tax on vehicles used or let for hire is valid; in so far as it attempts to impose a license fee on vehicles not used for hire it is invalid. The General Assembly did not delegate the power to the general council of cities of the second class to impose license fees on vehicles not used or let for hire, and if the General Assembly had the constitutional right to grant such power (and we do not decide the question as it is not involved in this case), then the city of the second class could only exercise it after receiving such grant."

In Simrall & Company v. City of Covington, 90 Ky., 444, the city council adopted an ordinance requiring a license tax to be paid by agents of "insurance companies not located within the City of Covington." The charter of the city provided that "the council shall have the power to license and tax all exchange, loan and brokers' offices, agencies of insurance offices · * * * in said city." This court held that the ordinance exceeded the authority granted by the General Assembly, that it was unreasonable and partial legislation on the part of the city council and therefore void, and we laid down the following general principle of construing city charters, which has been consistently adhered to by this court: "Municipal corporations may exercise, first, those powers which are expressly granted; second, those necessarily implied, or incident to those expressly granted, and which are indispensable to a proper execution of the object of the corporation. Their authority is not to be so strictly construed as to defeat the legislative intention, but if there is a fair and reasonable doubt of the existence of the power, it should be resolved by the court against the municipality; and especially so, if the exercise of it will encroach upon the rights of the individual or the public. The scope of the delegated sovereignty is not to be enlarged by liberal construction. These principles are elementary, and the citation of authority is unnecessary."

The power of the Board of Trustees of the District of Clifton is limited to the express grant of authority contained in the charter, which is the act of the General Assembly of the Commonwealth of Kentucky approved February 1, 1888. By this grant of authority the legislature did not give the board of trustees the power to impose a license tax upon vehicles of any kind, and it follows that the ordinance is void, and for that reason it is not necessary for this court to determine the other questions raised by the appellant.

Wherefore, the judgment of the Campbell Circuit Court is affirmed.