## Board of Education of the City of Newport v. Scott.

(Decided October 8, 1920.)

### Appeal from Campbell Circuit Court.

1. Schools and Schools Districts—Boards of Education Borrowing Money in Excess of Revenue.—Boards of education in cities of the second class may, under the provisions of subsection 25 of section 3255a Kentucky Statutes 1915, borrow money in anticipation of the revenue from school taxes for the fiscal half year of the year in which the money is borrowed and pledge such taxes for the payment thereof not exceeding fifty per cent of the anticipated revenue, but they have no power to anticipate or pledge as a security for such loan any future revenue than that which will be due for the fiscal half year in which and for the purpose for which the money is borrowed.

2. Schools and School Districts—Boards of Education—When Without Authority to Borrow Money.—Such boards have no authority to borrow money to be used in conducting the schools during the last half of the calendar year 1920 and pledge therefor any portion of the school revenue to be collected and paid by the city in the year 1921.

FRANK W. BENTON for appellant.

C. W. YUNGBLUT for appellee.

Opinion of the Court by Judge Thomas—Affirming.

On July 18, 1920, the board of education of the city of Newport, which is a city of the second class, adopted this resolution:

"Whereas the salaries of the teachers and other employees of the board of education of the city of Newport, Kentucky, have this day been by it increased for and during the fiscal year commencing July 1st, 1920, and ending June 30, 1921, and in order to meet this increase in said salaries it is necessary to borrow the sum of $5,200.00 for the first half of the said fiscal year ending December 31st, 1920, in anticipation of the taxes to be levied and raised by said board in and for the year 1921; therefore be it resolved by the board of education of the city of Newport, Kentucky: That said board, in, during and for the first half of said fiscal year, ending December 31, 1920, to be used in meeting and paying so much of the indebtedness created by reason of increasing the salaries of teachers and employees as aforesaid as will be incurred during said half year, borrow on its credit in anticipation of the revenue from school taxes to be levied and raised by said board of the city of Newport, in and for the year 1921, payable in June, 1921, the sum of $5,200.00, and pledge said school taxes so to be levied and raised for the payment of said sum with legal interest."

This suit was filed five days thereafter by the plaintiff, Lorimer W. Scott, the appellee here, a citizen, resident and taxpayer of the city as well as of the common school district therein, against the board of education having control and management of the schools in the city to enjoin it from carrying out that resolution, upon the ground that it possessed no authority to take the action provided for in the resolution. The court sustained the contention of plaintiff and perpetually enjoined the defendant "from borrowing any money in the year 1920 in anticipation of the taxes to be levied by said board in and for the year 1921, pursuant to said resolution." Complaining of that judgment the board of education prosecutes this appeal.

The discussion in briefs of counsel is directed almost exclusively to the point as to what is, under the law, the fiscal year of the school board in cities of the second class, notwithstanding the fact that the court in its opinion held that the question discussed was wholly irrelevant. We fully agree with the trial court in the con-

clusion that the question as to when the fiscal year of the school district within the city begins and ends is not involved in this suit.

It is the well established rule in this and other jurisdictions that municipalities possess only such powers as are expressly conferred upon them by the constitution or statutes of the sovereignty of which they form a part and such as are necessarily implied or incident to those expressly granted and which are indispensable to enable the municipality to carry out its declared objects, purposes, and express powers. 19 R. C. L. 768; 28 Cyc. 258-259; Henderson v. City of Covington, 14 Bush 312, and District of Clifton v. Cummins, 165 Ky. 526. This universal rule is so favored by the courts that where there is any fair or reasonable doubt concerning the existence of a particular power that doubt will be resolved against its existence. R. C. L., *supra,* 769-770; Cyc., *supra,* 265, and Henderson v. City of Covington, *supra.* Taxing districts and other incorporated governmental agencies of the state, while they may not technically be classified as municipal corporations, they are at least quasi ones and are governed as to their powers by the same rules applicable to strictly municipalities. This being true, it becomes necessary to inquire into the powers of boards of education in cities of the second class in this Commonwealth with reference to borrowing money for school purposes in anticipation of future collected revenue. Subsection 25 of section 3235a, Carroll's Statutes, 1915 (being a part of charters of cities of the second class relating to public schools), says:

"The board of education shall have the power to borrow money on the credit of the board in anticipation of the revenue from school taxes for the fiscal half year in which the same is borrowed and pledge said school taxes for the payment of the principal and interest of said loan: Provided, that the interest paid shall in no case exceed six per cent per annum and the principal shall in no case exceed fifty per cent of the anticipated revenue for the fiscal half year in which the same is borrowed."

This express limitation of the power of the board to borrow money in anticipation of future collected taxes was necessarily intended to include the whole power of the board in respect to the subject. Besides fixing the rate of interest and limiting the amount borrowed to fifty per cent of the anticipated revenue, the statute confines such anticipation to the taxes to be paid to the board by the city "for the fiscal year in which the same is bor-

rowed'' and prohibits the board from putting in pledge, as a security for the amount borrowed, any of the revenue from school taxes except for that half of the year for which the money is borrowed and to be spent. Even this much power was necessarily conferred upon the board to enable it to conduct the schools from the beginning of the half scholastic year until the city paid into the school fund the revenue collected for that half of the school year. Under the statute the revenue to be paid by the city of Newport into the school fund in the fall of the year 1920 could be anticipated by the board in borrowing money and it had the right to pledge the revenue to be paid to it by the city in the latter part of 1920. But to allow the board to anticipate and put in pledge any part of the taxes to be collected during the fiscal year of the city, which is the calendar year of 1921, as security for the money borrowed for the half of the school year, running from July 1, 1920, to January 1, 1921, as the resolution in this case expressly provides, would be in direct violation of the express terms of the statute. This is not a case where we are even called upon to deny the power of the board, where its authority is even doubtful. The language of the statute is plain and explicit and its provision limiting the power of the board to borrow money and pledge its future revenue we deem a wise one. It enables the board to borrow money and conduct the schools for the half year in which the money is borrowed and to pledge its revenue to be collected for that half year and at the same time prevents anticipating or pledging of revenue to be collected in any future year or half year. But, whether wise or unwise, the legislature had the undoubted authority to enact the provision found in the statute and it is the duty of the courts to enforce it.

The board of education, in this case, being about to exceed its authority the court properly enjoined it from doing so and the judgment is affirmed.