STATE OF NEW JERSEY, EX REL. NATALI BORSHESKY, RELATOR, v. BOARD OF WORKS OF THE CITY OF ELIZABETH, RESPONDENT.

Argued October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *Thomas Brunetto.*

For the respondent, *John J. Griffin.*

PER CURIAM.

This is an application for a writ of *mandamus* to compel the board of works of the city of Elizabeth to institute an action, or actions, for the recovery of penalties, under a zoning ordinance of the city, from the owners of premises 127 to 135 Franklin street in that city. The applicant is the owner of premises 137 Franklin street, on which is erected a dwelling house occupied by two families.

On February 1st, 1924, Louis Diamond, the then owner of the premises here involved, applied to the building inspector of the city for a permit to erect a steel warehouse. This was refused and on appeal to the board of adjustment the application was again denied. In November of the same year

Diamond again applied to the inspector, was refused, applied again to the board of adjustment and was again refused.

In April, 1926, the Court of Errors and Appeals having decided the case of *State* v. *Risley*, 99 *N. J. L.* 389, and other cases, declaring the limited power of municipal authorities to restrict the use of land by property owners, under the constitution as then existing, another application was made for a permit to erect an addition to the building already on the premises and it was granted. Construction of the building was then begun, and the applicant, on completion of the building, in August, 1926, filed a bill in Chancery to restrain the operation of the business about to be carried on by the owner. This bill was dismissed.

After waiting three years the present application was filed for the purposes first above mentioned.

It is quite clear that the application should be denied on the ground of laches, but there are other and fundamental reasons for its denial. Having presented her grievances to the Court of Chancery and been there denied the relief sought, she cannot continue to urge the same grievances in protracted litigation. Also at the time the permit was granted the ordinance was ineffective to prevent the construction and use of the building for which the permit was asked because transcending the power then possessed by the city, and the validating effect of chapter 274 of the laws of 1928, passed in pursuance of the amendment to the constitution adopted in 1927, known as the zoning amendment, was not intended to give life and effect to the ordinance so as to impair rights then existing or permits then granted. Such was the decision of the Court of Errors and Appeals in the case of *Frank J. Durkin Lumber Co.* v. *Fitzsimmons*, 7 *N. J. Adv. R.* 1127.

In that case conviction of violation of an ordinance such as here presented was set aside by the court of last resort, and even if the applicant were not barred by laches, it is obvious that to grant the writ would but be to compel the city to institute litigation which could accomplish no successful result.

For the reasons above given the application for a writ of *mandamus* is denied, with costs.