## Seligman et al. v. Belknap et al.

Oct. 28, 1941.

134

Hal O. Williams and T. A. Luman for appellants.

Hardy & Logan for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The case involves the interpretation of the city and regional planning and zoning statute pertaining to cities of the first class. Section 3037h-111 et seq., Statutes, Chapter 86, Acts of 1930. The City of Louisville has adopted a series of ordinances in accord therewith. Gen. Ordinances, 1939 Compilation, No. 454 et seq. These include a major street plan proposed by the City Planning and Zoning Commission (No. 468) and regulations to govern subdivisions in harmony therewith, No. 469. A separate ordinance deals with zoning, No. 470. The sole question before us is the existence of authority in the Board of Adjustment and Appeals (Section 3037h-122) to review the approval and certification for recording by the City Planning and Zoning Commission (Section 3037h-113) of a plat of a suburban subdivision called "Rolling Fields" on the Brownsboro Road just outside the eastern limits of Louisville. Sections 3037h-124, 3037h-125. The appellees herein, a number of owners of property adjacent to and in proximity of the tract, seasonably filed an appeal with the Board from the action of the Commission. They contended the plat ought not to have been approved because no provision had been made for an adequate sewerage disposal system. Particularly, this was because the burden of sewerage from proposed septic tanks added to those existing in the adjoining territory would be a serious menace to the health of the whole community. The Board declined to entertain the appeal upon the advice of counsel that they did not have the authority to do so. The circuit court upon the petition of the complainants issued

a writ of mandamus directing the Board to hear and decide the appeal from the Commission's action. The members of the Board and the Board as a unit prosecute this appeal from that judgment.

Undoubtedly, influenced by the need for the promotion of public health and the obvious design of the entire act to protect and improve that aspect of public welfare, the circuit court found in the act as an entirety the intent to have the action of the Commission in the particular respect involved reviewed by the Board of Adjustment and Appeals. The construction achieves an end which the statute may or may not reach, namely, the control by the Commission of the sewerage disposal system of any new subdivision of the city. We express no opinion on the power of the Commission in this respect and confine ourselves to the sole question of authority of the Board to review its action. The statute recognizes the distinction between regional planning and municipal zoning. This recognition is not only by the mechanical structure of the act but by its terms as well. "Planning" and "Zoning" are closely related, for, in a general way, planning embraces zoning and zoning may not entirely exclude planning. However, they do not cover identical fields of municipal endeavor for the protection of the common interest and the promotion of general welfare. Broadly speaking, "planning" connotes the systematic development of an area with particular reference to the location, character and extent of streets, squares, parks and to kindred mapping and charting. "Zoning" relates to the regulation of the *use* of property—to structural and architectural designs of buildings; also the character of use to which the property or the buildings within classified or designated districts may be put. Words and Phrases, Perm. Ed., "Planning," "Zoning"; Mansfield & Swett v. Town of West Orange, 120 N. J. L. 145, 198 A. 225; Elizabeth City v. Aydlett, 201 N. C. 602, 161 S. E. 78; Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A. L. R. 1479.

Logically, the one statute enables the municipal government to provide for the two related regulations and places the right of recommending and the power of administering them in one body, subject to prescribed limitations. But the act of the legislature sets forth the powers in separate divisions, quite independent one from the other.

Title I grants appropriate powers to the city and defines the personnel of the "City Planning and Zoning Commission" (which is the Mayor and certain other officers and five persons appointed by the Mayor) and prescribes their functions. The powers and duties provided in this Title are general and relate both to planning and zoning. Section 2 et seq., Acts 1930, Section 3037h-112, et seq., Statutes.

Title II relates exclusively to zoning. Section 11 et seq., Acts 1930; Section 3037h-121 et seq., Statutes. In this Title (Section 12, Acts 1930, Section 3037h-122, Statutes) the city council is directed to provide for the appointment of a Board of Adjustment and Appeals, to be composed of a structural engineer, an architect, a real estate dealer, a member of the commission, and one without any specified professional qualifications. This Board is given power "in cases where it is exceptionally difficult if not impossible to comply with the exact provisions of the ordinance (manifestly pertaining to the zoning provided for in the Title) [to] make such variations as will prevent unwarranted hardship or injustice and at the same time most nearly accomplish the purpose and intent of the regulations of the zoning plan." It does not mention "planning." To this Board appeals may be had by any aggrieved person affected by "any decision of the administrative officer." Their power of review is confined to (a) errors "made by an administrative official" in the enforcement of the act or ordinance; (b) special exceptions to the terms of the ordinance; and (c) authorizing in special cases a variance from the terms of the ordinance within a specified limitation. See Smith v. Selligman, 270 Ky. 69, 109 S. W. (2d) 14; Selligman v. Western & Southern Life Ins. Co., 277 Ky. 551, 126 S. W. (2d) 419.

Title III relates to "Subdivision Control." Section 14 etc., Acts 1930, Section 3037h-124 et seq., Statutes. It is significant that in this Title it is a "planning commission" whose territorial jurisdiction is extended to include all land lying within five miles of the corporate limits of the municipality. With the exceptions of special reference to the approval or disapproval of the plat of a subdivision by the "planning and zoning commission" (Section 3037h-127) the term "planning commission" is carried throughout the Title. And so far as the specific provisions go the control over such territory is

apparently limited to the planning and platting of streets and other ways.

Title IV relates to "Mapped Streets." Section 21 etc., Acts 1930, Section 3037h-131 etc., Statutes. It embraces the establishment and changing of streets and other ways and the use thereof. Where the *use* of the street is involved we find reference to the zoning provisions of the statute and ordinances, including the "board of zoning appeals."

Title V, "General Provisions," contains nothing bearing on our present problem. Section 24 et seq., of the Act; Section 3037h-134 et seq., Statutes.

It will be seen from the foregoing summary of the statute that in its mechanics the provision for the Board of Adjustment and Appeals is a part of the Title relating to zoning, and that its duties are confined to matters embraced in the general concept of that term. The nature of the professions represented in the members of the Board is not without significance, particularly the structural engineer and architect. The appeal to this Board is from "the administrative officer." By ordinance the City Building Inspector is charged with certain duties in respect to zoning and is the officer who primarily administers the law. Ordinance No. 470. Provision for an appeal to the Board of Adjustment and Appeals from his actions is made in Section 20 of the ordinance, No. 471. Cf. A. L. Carrithers & Son v. City of Louisville, 250 Ky. 462, 63 S. W. (2d) 493. There is much to be done in the administration of those provisions of the ordinances and statute.

Finally, the division of the statute relating to zoning (Title II), particularly that part authorizing the Board of Adjustment and Appeals and its right of review is almost literally the Standard State Zoning Enabling Act prepared as a model by the United States Department of Commerce, as revised in 1926. See The Law of Zoning, Metzenbaum. It does not undertake to cover the planning of streets or deal with subdivisions.

The Commission's duties and powers in relation to subdivisions outside the city boundary seem to be confined to the planning and platting of the area for the purpose of bringing the physical development of suburban property into accord with the street plans of the

City. Secs. 3037h-116, 3037h-124, 3037h-125. The finality of the Commission's decision in such matters is recognized in the provision of Section 3037h-130 that "the jurisdiction of the planning and zoning commission over plats shall be exclusive." It is also recognized by Section 3037h-129 which predicates the liability of the County Clerk for recording a plat of a subdivision solely upon the failure of action or disapproval of the Commission—not of the Board.

We are of opinion, therefore, that the Board had no authority to review the action of the Commission in the present case, and the writ of mandamus ought not to issue. Of course, in any case if the Commission acts arbitrarily or unreasonably, as measured by the judicial mind, any aggrieved person has a right to proceed directly in the courts to obtain redress.

Judgment reversed.