## Smeltzer et al. v. Messer et al.

December 9, 1949.

Russell N. Victor for appellants.

William R. Seidenfaden for appellees.

CLAY, COMMISSIONER—Affirming.

This suit was brought by neighboring property owners for a mandatory injunction requiring appellees (husband and wife) to remove a dwelling house on their own property, because its type and size violated the provisions of a zoning ordinance of the City of Erlanger. A general demurrer to plaintiffs' petition was sustained and it was dismissed.

In 1947 the municipality enacted an ordinance restricting the use and regulating the capacity of structures erected in the area where appellees' property is located. Erlanger is in Kenton County; the land which

the ordinance attempted to zone is outside of the city limits and in the adjoining county of Boone, though within 3½ miles of the city.

The facts are not in dispute, and the issue presented is one of law involving the construction of statutes. The question is whether or not, under the provisions of KRS Chapter 100, and particularly KRS 100.500 to 100.990, the legislative body of a city of the fourth class, such as Erlanger, has the power to zone an area beyond its city limits lying in a county other than that in which the city, or a part thereof, is located. This problem requires us to examine closely the apparent purpose and intent of the applicable statutes.

Under KRS 100.500 the legislative body of a city of the fourth class is specifically authorized to regulate and restrict the use and type of buildings. Interpreting that section alone, there is a rather clear implication that the power granted is limited to the territorial boundaries of the city. Section 100.610 authorizes the city to create by ordinance a "City planning commission." Section 100.650 provides that the commission "shall make and adopt a master plan for the physical development of the city and the municipal area." "Municipal area" is defined in section 100.010(6) as "the surrounding territory which bears relation to the planning and zoning of the city." This plan relates generally to streets, bridges, waterways, parks, public buildings and public utilities. KRS 100.660 sets out the purpose of the master plan, which is to envision the "future growth of the city," the "harmonious development of the city and its environs," and the "promotion of good civic design and arrangement."

The argument is advanced by appellees that the statutes clearly distinguish between the *authority of the commission to plan,* which may extend beyond the city limits, and *the power of the legislative body to zone.* In Seligman et al. v. Belknap et al., 288 Ky. 133, 155 S. W. 2d 735, we recognized such distinction. Though the point was not directly in issue or decided, that case in effect denied the right of a city to zone outside of its corporate limits. The suit involved a city of the first class, and subsequent legislation may have altered the situation with respect to such cities, but the difference between

planning and zoning is certainly recognized in our statutes.

In this particular case it is not necessary to determine the broad question of whether or not a city of the fourth class has been granted authority to impose zoning restrictions beyond its boundaries. The issue can be narrowed to whether or not it may zone not only beyond its corporate limits but in a county other than the one in which it is situated.

In Town of Elsmere v. Tanner, 245 Ky. 376, 53 S. W. 2d 522, it was held that a sixth class municipality did not have power to annex territory lying in another county. The statute there under consideration is very similar to the one providing for annexation by cities of the fourth class. KRS 81.210. In the face of this limitation, we are confronted with a situation where a city has attempted to control the use and development of land located in a territory which it is not authorized to annex. The future growth of the city cannot invade this particular surrounding territory. The city cannot be developed over the county line in that direction. The adjoining area, under our present laws, cannot become a part of the civic design.

While it may be said that any municipality has an interest in its approaches, we can find nothing in the statutes which grants the power to control the use of such outlying territory unless it may reasonably be contemplated that such territory will eventually become a part of the city. The future expansion of its territorial limits is a basic consideration the legislature apparently had in mind when enacting the planning and zoning statutes. Since appellees' land cannot be absorbed under annexation proceedings by the City of Erlanger, its use is not so reasonably related to the city's development as to fall within the purposes shown by the statutes.

We must bear in mind that we are dealing with a police power. As a general rule, the exercise of this power, delegated to a municipality, should be strictly construed, particularly where it encroaches upon the rights of an individual. See 37 Am. Jur., Municipal Corporations, Section 280; District of Clifton in Campbell County v. Cummins, 165 Ky. 526, 177 S. W. 432. Ordinarily, unless a statute expressly provides other-

wise, the exercise of a police power by a municipality is limited to its territorial boundaries. 37 Am. Jur., Municipal Corporations, Section 284. A further settled principle is that if there is a reasonable doubt concerning the power of a city, the doubt should be resolved against its existence. Board of Education of City of Newport v. Scott, 189 Ky. 225, 224 S. W. 680. The above principles are significant in this case because the city's action, if sustained, seriously impairs the rights of a person owning property beyond its limits who has no voice in its legislative policies, and who receives no legally recognizable benefit to such property from the city government.

Under all the circumstances, we are convinced the ordinance of the City of Erlanger, to the extent it imposed zoning restrictions on the property of appellees, went beyond its granted powers, and the provisions of this ordinance are unenforceable against them and may not be invoked by appellants in this action.

For the reasons stated, the judgment is affirmed.