STATE v. L. G. OWEN.

(Filed 26 August, 1955.)

**1. Municipal Corporations § 37—**

> Power of a municipality to enact and enforce zoning regulations rests exclusively on statutory authority.

**2. Same—**

> The State-wide statutes authorizing municipalities to enact zoning regulations delegate no power to zone beyond municipal corporate limits. G.S. 160-172 through G.S. 160-181.1.

**3. Same—**

Section 116, Chapter 232, Public Laws of 1927, when read in context, discloses the legislative intent to enlarge the territorial jurisdiction of the municipal court of the city in question to one mile outside its corporate limits, and the statute does not confer by implication power upon the city to extend its zoning regulations beyond its corporate limits.

**4. Same—**

Where a city is given no statutory authority to zone outside the corporate limits, a statute (Chapter 677, Session Laws of 1947) which provides that when the city is given authority in the territory outside its corporate limits, the exercise of such authority shall be subject to the approval of the board of commissioners of the county, does not give the city authority to zone property outside its corporate limits.

**5. Same: Statutes § 10—**

Where at the time of the enactment of a zoning ordinance purporting to extend the city's zoning regulations beyond its corporate limits, the municipality has no statutory authority to zone outside its limits, a later statute (Chapter 777, Session Laws of 1953), which confers authority on the municipality to extend its zoning regulations three miles beyond its corporate limits, but which contains no provision purporting to validate any existing ordinance, does not validate the prior zoning regulations, and in the absence of ordinance passed subsequent to the statute, the violation of zoning regulations in territory outside the corporate limits may not be made the subject of prosecution.

APPEAL by the State from *Sharp, Special Judge,* and a jury, at 6 December, 1954, Term of FORSYTH.

Criminal prosecution tried on appeal from the Municipal Court of the City of Winston-Salem on a warrant charging the defendant with violating a zoning ordinance of the City.

The warrant charges that the defendant wilfully permitted a structure located within an area zoned as "Residence A-1" to be used "for business purposes, to wit: a grocery business, . . . in violation of Chapter 48 of the Code of the City of Winston-Salem, entitled Zoning and Planning, . . ."

The jury returned a special verdict finding in substance these facts: that the zoning ordinance was adopted by the Board of Aldermen of the City of Winston-Salem on 21 December, 1948, and was approved and ratified by the Board of Commissioners of Forsyth County on 7 February, 1949; that under the zoning ordinance certain lands within the City as well as certain properties outside the corporate limits of the City, including the property here involved, were zoned as a "Residence A-1" district, with provision that the property so zoned might be used for residential purposes only, and with further provision that a violation of the ordinance should be a criminal offense punishable by fine or imprisonment; that as of the date of the adoption of the ordinance, the

defendant's property was 1.297 miles outside the corporate limits of the City. However, by reason of an extension of the limits, effective 1 January, 1949, the defendant's property was thereafter 0.712 of a mile outside the corporate limits; that on 8 July, 1953, the defendant applied for and obtained from the building inspector of the City a permit to erect on the premises in question a dwelling for residential purposes; that following the erection of the building, the defendant used it as a combination residence and store, the back portion being used as a residence and the front for the operation of a grocery business.

Upon the facts found in the special verdict the trial Judge was of the opinion that the defendant was not guilty as charged, and accordingly the jury so found for its verdict that he was "not guilty."

From the judgment entered in accordance with the foregoing ruling of the court and the verdict of the jury, the State appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Fred M. Parrish, Jr., for defendant.*

JOHNSON, J. Municipal power to enact and enforce a zoning regulation does not exist in the absence of statutory authorization. 58 Am. Jur., Zoning, Sec. 7. See also *James v. Sutton,* 229 N.C. 515, 50 S.E. 2d 300; *Rhodes, Inc., v. Raleigh,* 217 N.C. 627, 9 S.E. 2d 389; *S. v. Dannenberg,* 150 N.C. 799, 63 S.E. 946. Therefore the validity of a zoning ordinance must be tested by the limitations of the enabling act. *122 Main Street Corporation v. Brockton,* 323 Mass. 646, 84 N.E. 2d 13, 8 A.L.R. 2d 955. See also *Harrington & Co. v. Renner,* 236 N.C. 321, 72 S.E. 2d 838.

The single question for decision here is whether the zoning regulation of the City of Winston-Salem is supported by enabling legislation adequate to make the ordinance enforceable against the defendant's property outside the corporate limits of the City.

First, we dismiss from consideration the provisions of Chapter 160, Article 14, of the General Statutes, which is the State-wide enabling legislation from which municipalities derive the general power to enact zoning regulations. G.S. 160-172 through 160-181.1. This legislation is inapplicable here for the reason that it nowhere makes provision for zoning beyond municipal corporate limits.

Next, it is noted that the charter of the City of Winston-Salem as it existed prior to the enactment of Chapter 677, Session Laws of 1947, nowhere authorizes zoning regulations beyond the corporate limits. True, as urged by the State, the charter of the City as rewritten in 1927

provides that "The ordinances now in force in the city . . ., and such as may hereafter be adopted, shall operate and have effect within one mile outside of the corporate limits of the city, . . ." However, when this provision (Section 116 of Chapter 232, Public Laws of 1927) is read in context, it is manifest that the legislative intent was merely to enlarge the territorial jurisdiction of the Municipal Court of the City and to authorize the police force of the City to execute criminal process within the extended area. The State's contention that this section of the charter impliedly confers upon the City the power to extend its zoning regulations one mile beyond the corporate limits is untenable.

This brings us to a consideration of Chapter 677, Session Laws of 1947, which is the enabling act under which the City endeavored to zone the property of the defendant. It is observed that this Act provides in Section 23 that "Wherever in this Act the City Planning Board or the Board of Aldermen of the City of Winston-Salem or the Board of Adjustment of the City of Winston-Salem are given authority in the territory outside of the corporate limits of the City of Winston-Salem, the exercise of such authority beyond one mile from the corporate limits of the City of Winston-Salem shall be subject to the approval of the Board of Commissioners of Forsyth County."

However, nowhere in this Act is the City of Winston-Salem or the County of Forsyth given authority to zone property outside the corporate limits of the City. It is true the record discloses that the preliminary draft of the bill which as enacted became Chapter 677, Session Laws of 1947, contained two paragraphs in Section 23 which purported to confer upon the Board of Aldermen of the City of Winston-Salem the power to extend its zoning regulations three miles beyond the corporate limits. But these two paragraphs were omitted from the bill as finally enacted. Therefore, for want of legislative authority to zone beyond the corporate limits, the ordinance of the City, so far as it attempts to do so, was and is invalid.

While the paragraphs which were omitted from the Act of 1947 were inserted by subsequent amendatory act, Chapter 777, Session Laws of 1953, it is noted that there is no provision in the amendatory act which purports to validate the zoning ordinance. In the absence of such provision, the amendatory act of 1953 may not be treated as retrospective in the sense of validating the provisions of the pre-existing municipal ordinance. A municipal ordinance invalid under an enabling statute existing at the time of its enactment is not validated by mere amendment of the statute so that the ordinance might be validly enacted under the amended law. *McGillic v. Corby*, 37 Mont. 249, 95 P. 1063; 37 Am. Jur., Municipal Corporations, Sec. 168. See also *Frank J. Durkin Lumber Co. v. Fitzsimmons*, 106 N.J.L. 183, 147 A. 555; *Borshesky v. Board*

*of Works,* 8 N. J. Mis. R. 386, 150 A. 237; *Frelinghuysen v. Morristown,* 77 N.J.L. 493, 72 A. 2. Here the record discloses no subsequent ordinance purporting to activate the original zoning regulation as to property outside the corporate limits. Indeed, the State rested its case below, and here as well, on the original ordinance of 21 December, 1948. Since the pre-existing zoning ordinance was neither activated as to property outside the city limits by the amendatory legislative act nor by amendatory ordinance of the Board of Aldermen, the ordinance is unenforceable as against the defendant's property. The judgment below will be upheld.

No error.