STATE, Plaintiff, v. CONTINI, Defendant.

Common Pleas Court, Tuscarawas County.

No. 34685. Decided April 20, 1961.

*Mr. John L. Woodard*, city solicitor, for plaintiff.
*Mr. Joseph M. Streb*, for defendant.

LAMNECK, J.  The defendant in this action is charged in an affidavit filed in the Mayor's Court of the City of Dover, Ohio, with violating the zoning ordinances of the City of Dover, Ohio,

known as Ordinances Nos. 1671 and 2210, in that he is conducting a certain business on Lots 1468, 1469, 1470, 1531 and. 1532 in said city which are alleged to be located in a residential zone of said city.

The defendant entered a plea of not guilty in the Mayor's Court and thereafter the defendant filed an application of prejudice against the Mayor. This court acted on said affidavit of prejudice and pursuant to Section 2937.20, Revised Code, retained jurisdiction to hear and determine the cause. The parties waived a trial by jury.

The defendant contends (1) that there is no valid zoning ordinance covering his property, and (2) that if there is such a valid ordinance, he has a constitutional right to operate his business on said premises as a non-conforming use.

The defendant and his wife acquired title to lots 1468 and 1469 on October 14, 1958, to lot 1470 on October 22, 1945 and to lots 1531 and 1532 on April 14, 1956. Lots 1531 and 1532 were annexed to the city of Dover by ordinance on December 1st, 1958 and lots 1468, 1469 and 1470 were annexed to the City of Dover by ordinance on January 4, 1952.

On September 22, 1947, the council of the City of Dover, Ohio, passed a comprehensive zoning ordinance numbered 1671 as authorized by Section 4366-11, General Code, then effective. The validity of said ordinance is not in question.

The ordinance established the territory of the city into three districts, viz. "Residence," "Business" and "Industrial."

At the time of the adoption of this ordinance the aforesaid lots on which the defendant is conducting his business were not a part of the territorial limits of the City of Dover, Ohio.

Ordinance No. 1671 passed on September 22, 1947, is entitled "An Ordinance Dividing the City of Dover, Ohio into Districts for the purpose of regulating and restricting the location of buildings" etc.

Section 3 of said ordinance provides, "The City of Dover, is hereby divided into districts hereinafter in this section named, the location, boundaries, and area of which are and shall be shown and depicted upon the Zone Map."

The Zone Map referred to above in section 3 of said ordinance zoned lands outside of the corporate limits of the City

of Dover, Ohio, at that time, including the particular lots in question in this case. They were made a part of Zone A, Residence Districts.

Section 4366-2, General Code, now Section 713.02, Revised Code, and related sections in effect at the time of the passage of Ordinance No. 1671 authorized a planning commission to make "plans and maps of the whole or any portion of the municipal corporation, and of land outside thereof, which, in the opinion of the commission, is related to the planning of the municipal corporation."

Such authorization to make plans and maps of lands outside the municipal corporation is for the purpose of systematic planning of the municipal corporation so a planning commission can make recommendations to public officials concerning the general location, character, and extent of public ways, grounds, open spaces, buildings, properties, utilities and terminals.

There is no specific statute which authorizes a municipal corporation to zone lands outside of a municipality prior to annexation.

Section 4366-7, General Code, now Section 713.06, Revised Code, provided that "The City Planning Commission of any municipality shall have the power to frame and adopt a plan or plans for *dividing the municipality or any portion thereof into zones or districts.*" Specific Authority to zone land outside of a municipality is granted to townships under Sections 519.01 et seq. of the Revised Code, and to counties under Sections 303.01 et seq. of the Revised Code, formerly Sections 3180-1 et seq. of the General Code.

If authority were given to a municipality to zone outside of its corporate limits, it would lead to serious conflicts between rural zoning authorities and municipal zoning officials. The legislature did not intend that such a condition should exist.

On May 2nd, 1955 the Council of the City of Dover, Ohio, passed Ordinance No. 1995 amending the aforesaid comprehensive zoning ordinance No. 1671 passed on September 22, 1947. Ordinance No. 1995 does not include any provisions changing the zoning districts as established under the original zoning ordinance and it is limited to one family dwellings, two family dwellings, multiple dwellings, structure, fees, certificate of occupancy and building permits.

On October 20, 1958, the council of the City of Dover, Ohio, passed Ordinance No. 2210 intended to amend original zoning Ordinance No. 1671 and ordinance No. 1995 but is not styled as an "Amending Ordinance." Said ordinance with its title reads as follows:

"ORDINANCE NO. 2210

"AN ORDINANCE PROVIDING THAT ALL LANDS HEREINAFTER ANNEXED TO THE CITY OF DOVER SHALL BE CLASSIFIED 'A' RESIDENCE DISTRICT SO AS TO BE SUBJECT TO THE ZONING CODE.

"BE IT ORDAINED by the Council of the City of Dover, State of Ohio:

"Section I. That any and all parcels of land hereinafter annexed to the City of Dover, Ohio, unless the same be otherwise classified in the ordinance of acceptance, shall be classified as 'A' Residence District pursuant to C. O. Section 1151.01 et seq.

"Section II. That the territory subject to annexation in the future may be subject to immediate development that will prove harmful to the interests of the adjacent incorporated sections of the city of Dover, that, accordingly, the passage of this measure is of immediate necessity and such ordinance shall be hereby declared to be an emergency measure necessary for the preservation of the public peace, health and safety; and that, therefore, this Ordinance shall take effect upon its passage and approval by the Mayor."

No notice of council's proposed action on ordinance No. 2210 was given in a newspaper of general circulation in said municipality and no public hearing was held thereon before its passage. The defendant contends that said ordinance is a nullity since it was not enacted under the rules laid down in Section 713.12, Revised Code.

This matter is before the court on defendant's motion to dismiss the charges against him and for an order discharging the defendant.

Section 713.12, Revised Code, formerly a part of Section 4366-11, General Code, read as follows:

"Before any ordinance, measure, or regulation authorized by Sections 713.07 to 713.11, inclusive, Revised Code, may be

passed, the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation. During such thirty days the text or copy of the text of such ordinance, measure, or regulation, together with the maps or plans or copies thereof forming part of or referred to in such ordinance, measure, or regulation and the maps, plans, and reports submitted by the planning commission, board, or officer shall be on file, for public examination, in the office of the clerk of the legislative authority or in such other office as is designated by the legislative authority. No such ordinance, measure, or regulation which violates, differs from, or departs from the plan or report submitted by the commission, board, or officer shall take effect unless passed or approved by not less than three fourths of the membership of the legislative authority.''

In McQuillin's Work on Municipal Corporations in Volume 8 relating to Zoning, the following appears in Section 2565:—

''Generally speaking, amendatory or subsequent zoning ordinances may be enacted where they are necessary to secure the public health, safety, morals or welfare or other legitimate object of the police power.''

Clearly a municipality has power to amend its zoning ordinances from time to time where there are changed conditions and where the amendment has a reasonable relation to the public interest.

But does any proposed amendment become effective if it has not been enacted under the procedure outlined in Section 713.12, Revised Code?

In *Jennings* v. *Suggs*, 180 Ga., 141, 178 S. E., 282, it was held that ''Notice and opportunity for hearing to interested parties is a pre-requisite to validity of an ordinance *amending* Atlanta Zoning Regulations'' See Metzenbaum on Zoning, Volume 2, Page 1015.

In *State, ex rel. Castle National, Inc. et al.*, v. *Village of Wickliffe et al.*, 50 Ohio Law Abs., 529; 80 N. E. (2d), 200, it was held that an attempt to amend a prior zoning ordinance by enacting a supplemental section rather than by actual amendment, and enacted without proper publication, and notice of

216

public hearings, was invalid. An appeal to the Supreme Court was dismissed as reported in 148 Ohio St., 410, 74 N. E. (2d), 270.

In the instant case there was lack of compliance with Section 713.12, Revised Code, in the passage of Ordinance No. 2210 in that

(1) There was no notice of a hearing given in a newspaper of general circulation in Dover relative to the proposed adoption of Ordinance No. 2210, prior to its adoption.

(2) No hearing was held on said proposed ordinance after thirty days' notice of the time and place of a hearing.

For the foregoing reasons the Court finds that Ordinance No. 2210 of the City of Dover, Ohio, is invalid.

Since the defendant's property was outside the corporate limits of the City of Dover, Ohio, at the time of the adoption of the original comprehensive zoning ordinance and since no valid legislation has been enacted since placing it in a zoning district, the defendant has not violated any zoning regulation by conducting a business on the premises in question.

It is therefore ordered that the defendant go hence without day at the plaintiff's costs taxed at $    .