233 So.2d 69

**Herman R. ROBERSON, Cumi Collins & Jack Collins**

**v.**

**CITY OF MONTGOMERY.**

**3 Div. 395.**

Supreme Court of Alabama.

Jan. 22, 1970.

Rehearing Denied March 19, 1970.

Frank W. Riggs, III, Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for. appellants.

Horace Perry, Montgomery, for appellee.

MADDOX, Justice.

The City of Montgomery filed this action, in equity, asking the court to enjoin respondents from operating automobile junk yards in two separate locations on the ground that such operations constituted "public nuisances" and that such operations violated city zoning ordinances. It was stipulated that both operations were located on land outside the corporate limits of Montgomery but within its police jurisdiction.

Upon final submission, the trial court found that the operation of the junk yards constituted public nuisances and that the city was entitled to enforce its zoning ordinances outside its corporate limits. One of the parcels was zoned "business" and the other "residential." The main question presented by this appeal, and the question which will be dispositive of this appeal, is: "Did the trial court err in finding that the City of Montgomery was entitled to enforce its zoning ordinances outside its corporate limits?" After careful study of our statutes dealing with municipal zoning and planning, we must conclude that the trial court did err and that enabling legislation from which the city derives its power to en-

act zoning regulations did not authorize the city to enforce zoning beyond the municipal corporate limits.

The city contends that it has authority to enforce its zoning ordinances outside its corporate limits under the provisions of Title 37, § 9, Code of Alabama 1940 (re-compiled 1958) [1] and also under the provisions of Act No. 480, Acts of Alabama 1961, page 537; Code of Alabama 1940 (re-compiled 1958), Appendix, §§ 1317(41)–1317(47).

■ A city or municipal corporation does not have the inherent power to enact and enforce zoning regulations. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961) and cases there cited. Ordinances of the character now under review find their justification in the exercise by the municipality of its police power asserted for the protection of the public welfare, and the modern tendency is to be liberal in upholding such ordinances in order to facilitate their proper administration. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950). The question then is whether the Legislature has granted extraterritorial zoning authority to the city.

Act No. 480, Acts of Alabama, 1961, grants to the Planning Commission of the City of Montgomery all the powers, duties, and responsibilities of city planning and zoning commissions as provided in Chapter 16, Title 37, Code of Alabama (1940), as amended.

Title 37, § 772, provides:

"Each municipal corporation in the state of Alabama may divide the territory *within its* corporate limits into business, industrial, and residential zones or

districts and may provide the kind, character and use of structures, and improvements that may be erected or made within the several zones or districts established and may, from time to time, re-arrange or alter the boundaries of such zones or districts and may also adopt such ordinances as necessary to carry into effect and make effective the provisions of this article." (Emphasis added)

Title 37, § 776, provides that for the purpose of promoting the public peace, order, safety or general welfare, "the local legislative body *may divide the municipality into districts.*" (Emphasis added)

■ While Title 37, § 9, grants to the City of Montgomery the power to enforce police or sanitary regulations in adjoining territory within three miles of the corporate limits, this power does not extend to zoning regulations which are specifically provided for in other statutes. In the absence of any enabling legislation expressly providing otherwise, zoning enactments of a municipality are limited to its territorial boundaries and are invalid to the extent that they seek to impose zoning regulations and restrictions on land outside city limits. See Smeltzer v. Messer, 311 Ky. 692, 225 S.W.2d 96 (1949); State v. Owen, 242 N.C. 525, 88 S.E.2d 832 (1955); State v. Contini, 176 N.E.2d 536, 16 O.O.2d 263 (Ohio Com.Pl., 1961).

Our own decision in City of Homewood v. Wofford Oil Co., 232 Ala. 634, 169 So. 288 (1936), seems to recognize that Title 37, § 9, is not all encompassing. We there said:

"It is not to be inferred that a city may exercise any and every police power over the zone outside its corporate limits,

1. "The police jurisdiction in cities having six thousand or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordi-

nances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the police jurisdiction thereof, and on any property or rights of way belonging to the city or town."

styled its 'police jurisdiction,' which it may exercise within its corporate limits."

While the question of the power of a municipality to zone outside its city limits was not involved, we think a statement made by this court in Chapman v. City of Troy, 241 Ala. 637, 4 So.2d 1 (1941) is appropriate. The validity of our zoning act of 1935 was there being attacked. We said:

"Our statute is declared to be cumulative, leaving Sections 1878 and 1879 of the Code of 1923, Code 1940, Title 37, §§ 772 and 773 in full force. These sections, quite general in character, are in

our opinion, *not different* in calling for a division of the territory *within the corporate limits* into appropriate districts according to a comprehensive plan." (Emphasis added)

■ We now come to the city's argument that since its planning commission has all the powers, duties and responsibilities of city and regional planning and zoning commissions as provided in Chapter 16, Title 37, Code of Alabama, 1940, as amended, it has the authority to regulate the use of these two parcels outside its corporate limits under the provisions of §§ 791, 794 and 797 of Title 37.[2] These statutes do ex-

---

2. "§ 791. It shall be the function and duty of the commission to make and adopt a master plan for the physical development of the municipality, including any areas outside of its boundaries which, in the commission's judgment, bear relation to the planning of such municipality. Such plan, with the accompanying maps, plats, charts, and descriptive matter shall show the commission's recommendations for the development of said territory, including, among other things, the general location, character, and extent of streets, viaducts, subways, bridges, waterways, waterfronts, boulevards, parkways, playgrounds, squares, parks, aviation fields, and other public ways, grounds and open spaces, the general location of public buildings and other public property, and the general location and extent of public utilities and terminals, whether publicly or privately owned or operated, for water, light, sanitation, transportation, communication, power and other purposes; also the removal, relocation, widening, narrowing, vacating, abandonment, change of use or extension of any of the foregoing ways, grounds, open spaces, buildings, property, utilities, or terminals; as well as a zoning plan for the control of the height, area, bulk, location, and use of buildings and premises. As the work of making the whole master plan progresses, the commission may from time to time adopt and publish a part or parts thereof, any such part to cover one or more major sections or divisions of the municipality or one or more of the aforesaid or other functional matters to be included in the plan. The commission may from time to time amend, extend, or add to the plan."

"§ 794. Whenever the commission shall have adopted the master plan of the mu-

nicipality or of one or more major sections or districts thereof no street, square, park, or other public way, ground, or open space, or public building or structure, or public utility, whether publicly or privately owned, shall be constructed or authorized in the municipality or in such planned section and district until the location, character, and extent thereof shall have been submitted to and approved by the commission; provided, that in case of disapproval the commission shall communicate its reasons to council, which shall have the power to overrule such disapproval by a recorded vote of not less than two-thirds of its entire membership: Provided, however, that if the public way, ground, space, building, structure, or utility be one the authorization or financing of which does not, under the law or charter provisions governing same, fall within the province of the municipal council, then the submission to the planning commission shall be by the board, commission, or body having such jurisdiction, and the planning commission's disapproval may be overruled by said board, commission, or body by a vote of not less than two-thirds of its membership. The failure of the commission to act within sixty days from and after the date or official submission to the commission shall be deemed approval."

"§ 797. The territorial jurisdiction of any municipal planning commission over the subdivision of land shall include all land located in the municipality and all land lying within five miles of the corporate limits of the municipality and not located in any other municipality, except that, in the case of any such non-municipal land lying within five miles of more than one municipality having a planning

plicitly grant to the city the right to do "planning" and further grant to the city some degree of control extraterritorially, especially with regard to subdivisions located within five miles of the city limits and with regard to certain "public" structures and "public" developments located within "any areas outside of its boundaries which, in the commission's judgment, bear relation to the planning of such municipality."

While the Legislature has given to municipalities certain extraterritorial control in these "planning" statutes, the general powers of a municipality to "zone" are contained in Title 37, §§ 772–785, Code of Alabama, 1940, as amended.

"Zoning" and "planning" are not synonymous, though they are sometimes so used. "Planning" and "zoning" include some common objectives, but most authorities agree that they are separate and distinct.

Broadly speaking, "planning" relates to the systematic and orderly development of a community with particular regard for streets, parks, industrial and commercial undertakings, civic beauty and other kindred matters properly within the police power. "Zoning" is primarily concerned with the regulation of the use of property, to structural and architectural designs of buildings, and the character of use to which the property or the buildings within classified or designated districts may be put. City of Carlsbad v. Caviness, 66 N.M. 230, 346 P.2d 310 (1959); Seligman v. Belknap, 288 Ky. 133, 155 S.W.2d 735 (1941); State ex rel. Kearns v. Ohio Power Co., 163 Ohio St. 451, 127 N.E.2d 394 (1955).

As we read Title 37, §§ 786–814, Code of Alabama, 1940, as amended, the Legislature primarily intended to confer upon municipalities the power to perform "city and regional planning." Section 791, which sets out the general powers and duties of a planning commission, is specific in stating that city planning commissions have the authority to draft a master *plan* and *make recommendations* for the development of territory both within the city and outside the city. The commission's recommendations may include a zoning *plan* for the control of the height, area, bulk, location and use of buildings and premises. Once such a master plan is adopted it attains a certain legal status. Section 794 provides that after adoption "no street, square, park, or other *public* way, (public) ground, or (public) open space, or public building or (public) structure, or public utility, whether publicly or privately owned, shall be constructed or authorized in the municipality or in such planned section and district until the location, character, and extent thereof shall have been submitted to and approved by the commission." (Emphasis added and word "public" in parentheses implied). It seems clear that the words "whether public or private" which appear after the words "public utility" in § 794 refer to the words "public utility" and have no reference to the other matters set out in the section. We hold that the city was without authority to enforce extraterritorially the zoning ordinance here involved.

We do not here decide the question of whether or not a city may enjoin the operation of a public nuisance located outside its corporate limits but within its police jurisdiction. Appellants candidly admit the city has such authority if a public nuisance exists. Neither do we decide the constitutional question of whether a municipality can enforce extraterritorial zoning if granted such authority by the Legislature.

---

commission, the jurisdiction of each such municipal planning commission shall terminate at a boundary line equidistant from the respective corporate limits of such municipalities; provided, however, that in all counties having a population of 400,000 or more, according to the 1940 federal census or any succeeding dicennial federal census, the county planning and zoning commission shall be invested with such authority, except and unless the municipality or municipalities in question is/are actively exercising zoning jurisdiction and control within said police and/or five mile jurisdiction, or shall actively

See Extraterritorial Zoning: Reflections on Its Validity, 32 Notre Dame Lawyer 367 (1957).

In view of the fact that the trial court found that the City of Montgomery was entitled to enforce its zoning ordinances on these parcels located outside its corporate limits, and this finding is inseparably connected with the whole decree making it impossible for us to apply Supreme Court Rule 45, we must reverse the judgment of the trial court and remand the case to that court for proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL, and HARWOOD, JJ., concur.

### ON REHEARING

MADDOX, Justice.

On application for rehearing, the City of Montgomery asks that we withdraw our original opinion and affirm the judgment of the trial court. The Alabama League of Municipalities and the Central Alabama Regional Planning Commission have also filed briefs as amicus curiae, each contending that our original opinion holding that the City of Montgomery did not have zoning powers beyond its corporate limits is erroneous. We have carefully reviewed our statutes on city and regional planning, and we are still convinced that the City of Montgomery was without legislative authority to enforce its zoning ordinances outside its corporate limits.

Our city and regional planning statutes follow almost verbatim "A Standard City

Planning Enabling Act" published in 1928 by the United States Department of Commerce Advisory Committee on City Planning and Zoning, which was appointed by then Secretary of Commerce Herbert Hoover.[3]

The Alabama League of Municipalities candidly admits that the League has been concerned with the interpretation of our statutes on the question of the right of a city to zone extraterritorially and has attempted to secure passage of clarifying legislation by the Alabama Legislature. We take judicial notice of the Alabama House Journal which shows that a bill was introduced at the Regular Session of the Alabama Legislature in 1969 by then Representative Charles Wright (now a Judge on the Court of Civil Appeals) which would have amended Title 37, § 772, to authorize cities to zone within its police jurisdiction. If cities desire to zone outside their city limits it will be necessary to have such authority come from the Legislature.

For further study on the concept of urban development and planning, see Law and Contemporary Problems, Vol. 20, p. 351; Rathkopf, The Law of Zoning and Planning, Vol. 3, Chapter 71; Yokley, Zoning Law and Practice, Vol. 2, Chapter XI, pp. 1–24.

The application for rehearing is due to be denied.

Opinion extended and rehearing denied.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

exercise zoning jurisdiction and control therein within 180 days after the effective date of this section, or in the case of a municipality subsequently incorporated, within 180 days from the date of its incorporation."

3. We have received a copy of the Standard Planning Act from the Library of Con-

gress and have placed it in the Supreme Court Library because of the comprehensive section by section analysis which is set out in the publication. The analysis made should be of assistance to the bench and bar in determining the intent of our own Legislature at the time of the passage of our planning statutes.