ALMON, Justice.
Lamar Advertising of Mobile, Inc., filed this action seeking equitable relief and money damages. The trial court granted an injunction and dismissed the damages claim. The defendants, the Town of Gulf Shores and several of its officials, appeal from the granting of the injunction, and Lamar cross-appeals from the dismissal of the damages claim.
In July 1985 Lamar leased two parcels of property, one on either side of the intra-coastal waterway bridge over which Highway 59 enters Gulf Shores, for the construction of a large billboard on each parcel of property. After securing the leases and obtaining permits from the state, Lamar began construction of the signs, which were to be approximately 110 feet high. The faces of the signs were to be 14 feet high by 48 feet wide and were to be 25 to 30 feet away from the bridge.
After beginning construction, Lamar was informed by employees of the Town of Gulf Shores that, although the billboards were *1260 not in the municipal limits of Gulf Shores, they were within the police jurisdiction, and that Lamar would have to obtain a building permit. The officials responsible for issuing building permits told Lamar’s representative, Mike Manderson, that Lamar would have to obtain a business license before it could receive a permit. When Manderson applied to the town clerk for a license, the clerk told him he would have to take his request to the town council at its next meeting. Manderson and an attorney for Lamar attended that meeting; their request prompted considerable discussion, after which the council voted to issue Lamar a restricted business license that would allow Lamar to construct signs in other locations, but not next to the bridge over the intracoastal waterway.
Lamar filed this suit, claiming that Gulf Shores was attempting to enforce zoning ordinances outside its municipal limits. Gulf Shores argued that it was exercising its police power to insure the safety of its citizens and visitors. The trial court agreed with Lamar and granted an injunction prohibiting Gulf Shores from interfering with the construction of the billboards, but dismissed the claim for money damages.
Gulf Shores argues that the trial court erred in granting the injunction. A municipality has the authority to exercise certain police powers within its police jurisdiction. Ala.Code 1975, § 11-40-10. The power to enforce zoning regulations, however, does not extend beyond the municipal limits. Roberson v. City of Montgomery, 285 Ala. 421, 233 So.2d 69 (1970).
The trial court rejected the Town’s contention that the signs would constitute a safety hazard and held that the decision to grant only a restricted license was arbitrary and capricious. The following portions of the court’s order and judgment set forth the basis for its conclusions:
“7. At the Council meeting, the reasons discussed by the Council for such restriction were aesthetics and the creation of potential traffic hazards.
“8. The evidence was undisputed that the Town had never previously enforced license or permit requirements for signs located within its police jurisdiction.
“9. Defendant town has long had an ordinance which forbids the erection and maintenance of all general advertising signs.
“10. Subsequent to the filing of Lamar’s complaint in this cause, but prior to the hearing on October 2, 1985, the sites on which Lamar had commenced erecting its signs were annexed by the Town and, according to the Town, then became subject to its ordinance which forbids general advertising signs.
“11. The Court finds no merit to the contention of Defendant Town that the proposed signs would create a safety hazard to passing motorists.
“12. The Court further finds that Defendant Town was without authority to deny issuance of the requested permits for locations within its police jurisdiction but outside its corporate limits on purely aesthetic grounds, and such denial was an abuse of discretion.
“13. At the time of filing of the present action, Lamar had a clear right to issuance of the requested building permits and Defendant Town’s denial of such permits was arbitrary, capricious, and without legal right. Incorporation of the land in question within the Town’s corporate limits after the filing of this action does not diminish Lamar’s right to issuance of the permits.
“14. While evidence was presented at the hearing to show that Lamar was presently losing approximately $3,000 per month in potential lease income on the proposed signs, the land leases held by Lamar run for a period of ten (10) years. Also, there would be a possibility that such leases would be renewed upon expiration of the initial term. While it is clear that Plaintiff will continue to be damaged if injunctive relief is not granted, a determination regarding the amount of such damage over such a lengthy and, possibly, indeterminate period of time would require considerable speculation.”
*1261 In Sheriff of Houston County v. Albertson’s, Inc., 402 So.2d 912 (Ala.1981), this Court affirmed an injunction against enforcement of a Sunday closing law against the plaintiff, because the law was not being enforced equally. In Kennedy v. City of Prichard, 484 So.2d 432 (Ala.1986), this Court affirmed the trial court’s injunction prohibiting the city from awarding a contract without complying with the competitive bid law.
The parties cite Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983). We find that case to be distinguishable, in part because it concerned a preliminary injunction and in part because there was no immediate threat of further injury. The Court noted, “Injunctions will not be granted ‘merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law.’ Cullman Property Co. v. H.H. Hitt Lumber Co., 201 Ala. 150, 153, 77 So. 574, 577 (1917).” 428 So.2d at 19-20. Employees of the Town of Gulf Shores threatened Lamar’s employees with arrest if they continued construction.
Obviously, the injury here is immediate, and the trial court did not err in holding that it was irreparable and that Lamar did not have an adequate remedy at law. Furthermore, the trial court did not err in finding that the Town’s stated concern with safety was meritless; that the Town was attempting to enforce its zoning ordinances extraterritorially, which, under the holding in Roberson, supra, it cannot do; and that the Town was unequally enforcing its license and permit regulations. Therefore, we affirm the trial court’s holding that the Town acted arbitrarily and capriciously and its grant of an injunction.
The trial court was also correct in holding that the annexation of this property does not affect Lamar’s right to construct the billboards, under the circumstances of this case. The act annexing this property provided that no property could be subjected to a higher zoning classification that would prohibit the use to which it was being put at the time of the annexation. Act No. 85-935, Ala. Acts, Second Special Session 1985, § 2. Therefore, the trial court properly held that, because the billboards would have been erected prior to the annexation but for the Town’s improper attempt to stop it by requiring a permit and a license, this provision of Act No. 85-935 allows Lamar to continue to use the leased property for its billboards in spite of the municipal ordinance prohibiting that use.
Because Lamar will have suffered damages from the time its construction was stopped by the Town to the time it is allowed to resume construction, we reverse that portion of the judgment that denied Lamar’s claim for damages.
For the foregoing reasons, the judgment is affirmed as to the appeal and reversed as to the cross appeal, and the cause is remanded.
85-965 — AFFIRMED.
85-1000 — REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.