661 P.2d 1329

The CITY OF ALBUQUERQUE and The Board of County Commissioners of Bernalillo County, Petitioners-Appellants,

v.

PARADISE HILLS SPECIAL ZONING DISTRICT COMMISSION, Respondent-Appellee,

and

Viehmann, Martin & Associates, Intervenors.

No. 14370.

Supreme Court of New Mexico.

April 26, 1983.

Charles N. Estes, Jr., Asst. City Atty., Albuquerque, for petitioner-appellant City of Albuquerque.

Joe C. Diaz, County Atty., Albuquerque, for petitioner-appellant Bd. of County Com'rs of Bernalillo County.

Roy Anuskewicz, Albuquerque, for respondent-appellee Paradise Hills.

Thomas L. Grisham, Richard V. Earl, Albuquerque, for intervenors.

## OPINION

SOSA, Senior Justice.

This case involves a challenge by the City of Albuquerque and Bernalillo County to two zoning amendments adopted by the Paradise Hills Special Zoning District Commission. The action was brought in the district court as a writ of certiorari pursuant to NMSA 1978, Section 3–21–9. After considering stipulated facts, depositions, exhibits, and arguments of counsel, the district court entered findings of fact, conclusions of law, and a judgment dismissing the petition. The City and the County appeal that judgment. The basic issue to be resolved is whether the amendments adopted by the Paradise Hills Special Zoning District Commission pursuant to its zoning authority were invalid because not in conformance with a master plan developed by the City and the County pursuant to their planning authority. NMSA 1978, §§ 3–21–1 through 3–21–26, 3–19–1 through 3–19–12; NMSA 1978, §§ 4–57–1 through 4–57–3 (Repl.Pamp.1980). We decide that the zone changes approved by the Commission were not incompatible with the master plan developed by the City and the County and affirm the judgment of the district court.

The regulations of a county or municipal zoning authority are required to be in accordance with a comprehensive plan. § 3–21–5; *Board of County Commissioners v. City of Las Vegas,* 95 N.M. 387, 622 P.2d 695 (1980). The master plan developed by the City and the County, the Northwest Mesa Area Plan, was adopted by the Albuquerque City Council in 1980 and by the Board of County Commissioners of Bernalillo County in 1981. After the adoption of the plan and prior to the zone changes involved in this litigation, no member of the

Paradise Hills Special Zoning District Commission was provided with a copy of the plan. The City and the County have not yet published the plan due to lack of funds.

The Paradise Hills Special Zoning District was formed in 1979 pursuant to NMSA 1978, Sections 3–21–15 through 3–21–26 (Orig.Pamp. and Cum.Supp.1982). Both parties agree that the Paradise Hills Commission has zoning jurisdiction over the land involved in the present suit. Nevertheless, the City and the County contend that they have planning jurisdiction over the District and that the Commission's zoning amendments are invalid because they do not conform with the City-County master plan.

The two tracts of land in question in this lawsuit were part of a larger parcel that had been zoned M–1 by Bernalillo County prior to the creation of the Paradise Hills Special Zoning District. An M–1 classification permits industrial as well as commercial uses. The published Zoning Atlas Map of Bernalillo County still shows the zoning of this property as M–1. The large scale base zoning map maintained in the City-County Planning Division shows no zoning at all for any property within the Paradise Hills Special Zoning District. In 1980 the parcel was subdivided into three tracts. Upon rezoning by the Commission, one tract retained the M–1 classification, one tract was changed to CN (Neighborhood Commercial), and the other tract was changed to R–2 (Apartment Zone). In 1981 the Paradise Hills Special Zoning District Commission approved a change in the zoning of the two tracts previously designated CN and R–2 to C–1 (Commercial Zone). It is this zone change that the City and County challenge as being incompatible with their master plan.

Section 3–21–21 grants to a special zoning district commission the power to regulate and restrict within its district the use of lands for trade, industry, residence, or other purposes. NMSA 1978, § 3–21–21. " '[Z]oning' relates to regulation of the use of property, . . . and the character of use to which the property . . . within classified or

**632**

designated districts may be put." *City of Carlsbad v. Caviness,* 66 N.M. 230, 234, 346 P.2d 310, 312 (1959) (quoting *Seligman v. Belknap,* 288 Ky. 133, 135, 155 S.W.2d 735, 736 (1941)). We cannot say that the Commission exceeded the scope of its zoning authority in granting the zone change requests and in rezoning the property in question from CN and R–2 to C–1.

It does not appear to this Court that the zoning amendment decisions of the Paradise Hills Special Zoning District Commission were inconsistent with the City-County master plan. Nor did the district court so find. The stipulations of the parties and the findings of the district court establish that the property in question was initially zoned M–1 and could have been put to a commercial use prior to the zone change that is challenged here. At the time the master plan was adopted, both the City and County believed the entire area involved in this litigation was zoned to allow not only commercial but industrial development. The City and County should not now be heard to complain that a commercial use of the land is not in conformance with their master plan when they were aware that an M–1 use was permissible at the time the master plan was developed.

■ The City and County also argue that the judgment of the district court should be reversed because the rezoning of the property in question constitutes illegal spot zoning.

> Spot zoning is an attempt to wrench a single lot from its environment and give it a new rating that disturbs the tenor of the neighborhood, and which affects only the use of a particular piece of property or a small group of adjoining properties and is not related to the general plan for the community as a whole, but is primarily for the private interest of the owner of the property so zoned.

101A C.J.S. *Zoning,* § 44 (1979) (footnotes omitted). The stipulations of the parties, which the trial court adopted as findings, establish that the zoning in question was done according to a plan, that Paradise Hills has zoned all the land within its juris-

diction, that the property surrounding the land involved in this suit is also zoned to allow commercial development, and that according to the zoning plans and maps the rezoning requires a less intensive use of the land than was formerly allowed. The record does not support the argument of the City and the County that the zone changes constitute spot zoning.

We therefore decide that the Paradise Hills Special Zoning District Commission was acting within its zoning authority in rezoning the tracts of land from CN and R–2 to C–1, and that the zoning amendments approved by the Commission are not incompatible with the Northwest Mesa Area Plan adopted by the City of Albuquerque and Bernalillo County. The judgment of the district court is hereby affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and STOWERS, J., concur.