### 44235. MATHESON et al. v. DeKALB COUNTY et al.
#### (354 SE2d 121)

MARSHALL, Chief Justice.

In 1982, the appellants-plaintiffs purchased property on Clifton Road which was improved with a duplex. Acting upon the alleged advice of DeKalb County Development Department officials — given prior to the purchase — that the property could be subdivided into two lots to permit the construction of a residence on the rear lot, the plaintiffs had the property so subdivided, and obtained a building permit for such construction. The permit became void after six months because no construction was begun, and a second permit was issued on the basis of the plaintiffs' having obtained the first permit. However, the permit was revoked and a stop-work order was issued when it was discovered that, at the time each permit was issued, the two lots violated lot-width and side-yard requirements of the county zoning ordinance. At the time the stop-work order was issued, the plaintiffs had incurred engineering, architectural, and other costs for the residence. Without appealing from the issuance of the stop-work order, the plaintiffs filed an application for a variance. After exhausting administrative appeals of the denial of the variance, the plaintiffs brought this action against the county, seeking: (1) a preliminary injunction to prevent the defendants from stopping the construction; (2) a writ of mandamus requiring the issuance of a building permit and other incidental permits; (3) a declaratory judgment that the zoning ordinance as applied to the plaintiffs' property violated the taking, due-process, and equal-protection clauses of the federal and state Constitutions; and (4) damages, attorney fees, and expenses of litigation. The plaintiffs appeal from judgment for the defendants. We affirm.

1. Pretermitting the issue of the effect of the plaintiffs' not having administratively appealed from the issuance of the stop-work order, and assuming that the issues raised in this judicial action were ripe for adjudication, we hold that the trial court did not err in denying all of the relief here sought.

2. There was no necessity for a preliminary injunction, as the

construction of the residence had not progressed to the point that delay would cause damage to the property or the structure, and the status quo pending final determination was effectively maintained by the stop-work order.

3. "The right to extraordinary aid of mandamus exists only when the person seeking it has a clear legal right to have the particular act performed." *Hernandez v. Camden County Commrs.*, 242 Ga. 76, 77 (247 SE2d 870) (1978) and cits. The issuance of a building permit results in a vested right only when the "permit has been legally obtained and is valid in every respect." *Keenan v. Acker*, 226 Ga. 896 (178 SE2d 196) (1970), and has been "validly issued." *Barker v. County of Forsyth*, 248 Ga. 73, 75 (281 SE2d 549) (1981). Where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise an estoppel. *Corey Outdoor Advertising v. Bd. of Zoning, &c. of Atlanta*, 254 Ga. 221 (3, 4) (327 SE2d 178) (1985) and cits. Neither of the exceptions recognized in *Corey*, supra, p. 227 (4) — i.e., where the governmental officials had either changed their minds after assuring the applicant that the development was proper or actually tried to amend the ordinances which had previously permitted the use in question — is applicable here.

The appellants argue that the subject property had already been developed for residential use prior to the adoption of the county zoning ordinance and subdivision regulations; that the Druid Hills area, in which the property is situated, had been arbitrarily placed by the county in an R-75 zone, which would allow to be built on this property over four houses per acre, each with a 1,000-square-foot minimum floor area, which would be out of character with the development of the area and the purposes of the zoning ordinance; and that the R-75 restrictions therefore do not apply to the present situation, which is governed rather by the provisions of § 11-2343 (1) (c) of the county code, which allegedly authorizes the construction here sought. However, the subject property was zoned R-75 at the time of the enactment of the zoning ordinance in 1956, and has retained, and complied with the use and development standards for, that classification ever since. Therefore, no reason appears to exclude the property from the standards and requirements of the existing zone. Thus, even assuming that the development department had the authority to sanction the type of subdivision and construction undertaken by the plaintiffs (which the appellees-defendants dispute), the issuance of the building permits which otherwise violated the zoning ordinance created no rights in the plaintiffs.

4. In *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 471 (349 SE2d 707) (1986), we held: "The burden is on the plaintiff to come forward with

clear and convincing evidence that the zoning presents a significant detriment to the landowner and is insubstantially related to the public health, safety, morality, and welfare." We also said, "the proper focus . . . in all zoning cases, is whether the appellant has suffered a significant deprivation insubstantially related to the public health, safety, morality or welfare. The validity of a zoning ordinance can be called into question only if the appellant has suffered an unconstitutional deprivation." Id. p. 470. Although the zoning ordinance here does operate to prevent the construction of a residence on the rear lot in the absence of a variance, the plaintiffs are not being denied the use of the property, as the property (the front lot after its subdivision) contains a residence.

5. With respect to variances, both the 1976 and 1985 zoning ordinances provide very specific criteria for the grant of a variance: "The board [of appeals] shall hear and decide applications for variances, other than those decided by the development director under the provisions of article G, from the development requirements of this chapter, but only where by reason of *exceptional narrowness, shallowness, or shape* of a specific piece of property, which *at the time of adoption of this chapter, was a lot or plat of record*; or where, by reason of *exceptional topographic conditions* or *other extraordinary or exceptional conditions* of a piece of property, the strict application of the development requirements of this chapter would result in *practical difficulties* to, or *undue hardship* upon, the owner of this property, *provided that this relief may be granted without substantially impairing the intent and purpose of this chapter.*" (Emphases supplied.) DeKalb County Code § 11-2323 (3) (1985).

Even assuming that the plaintiffs' property met one or more of the criteria of the ordinance, however, the grant of a variance was within the discretion of the zoning authority. "On review, the trial court is authorized to review the variance decision to determine whether the board or county exceeded its authority, abused its discretion, or acted arbitrarily or capriciously with regard to the plaintiffs' constitutional rights. [Cit.]" *Intl. Funeral Services, Inc. v. DeKalb County*, 244 Ga. 707, 710 (2) (261 SE2d 625) (1979). Here, there was evidence that the Board of Appeals considered the effect of establishing a precedent for subdividing lots, and neighborhood opposition. The "practical difficulties" and "hardship" complained of here were not inherent in the property, but result from its subdivision by the plaintiffs. "Local zoning authorities are not required to grant variances to allow expansion or correct planning errors of the property owner." *Intl. Funeral Services*, supra, p. 710 (2). The plaintiffs failed to carry their burden of showing exceeding of authority, abuse of discretion, arbitrariness, or capriciousness in the decision to deny the application. Id. p. 710 (2). The zoning ordinance is not unconstitu-

tional as applied to the plaintiffs and acted upon by the defendants.
*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED APRIL 8, 1987 —
RECONSIDERATION DENIED APRIL 22, 1987.

*Dillard, Greer, Westmoreland & Wilson, George P. Dillard,* for appellants.
*Albert Sidney Johnson,* for appellees.