S99A0193. BRADSHAW v. DAYTON et al.
(514 SE2d 831)

FLETCHER, Presiding Justice.

Reba Bradshaw applied to Towns County for a license for the retail sale of beer and wine. Jack Dayton, the sole county commissioner, rejected her application because she did not meet the requirements for a "qualified location" under the county ordinance. Bradshaw filed a petition for certiorari and mandamus, arguing that the county ordinance was unconstitutional. Because the trial court correctly held that the ordinance does not violate due process or equal protection, we affirm.

In 1985, the Towns County commissioner adopted a resolution regulating the sale of beer and wine. The ordinance states that beer and wine may be sold only at a "qualified location." To be qualified, the location may not be within 100 yards of any church, funeral home, school, college educational building, or other retail store selling beer and wine as measured from property line to property line. In addition, the ordinance limits the number of qualified locations within each voting district to one location for every 500 registered voters.

1. To satisfy due process, a law must have a reasonable relationship to a proper legislative purpose and must be neither arbitrary nor discriminatory.[1] The parties agree that the county has a legitimate interest in restricting the number and location of stores that sell beer and wine for consumption off the premises. Bradshaw, however, challenges the ordinance's requirements for a qualified location as arbitrary, illogical, and vague.

Contrary to Bradshaw's contentions, the county's reliance on the number of registered voters in each voting district, rather than the county's population, is not arbitrary in the constitutional sense.[2] The

---

[1] *Quiller v. Bowman,* 262 Ga. 769, 771 (425 SE2d 641) (1993).
[2] See *Arras v. Herrin,* 255 Ga. 11, 11-12 (334 SE2d 677) (1985) (holding that county vio-

ordinance provides a clear and easily ascertainable number that is related to the county's adult population.[3] In addition, the requirement that the distance between competing businesses must be measured from their property lines instead of buildings is not arbitrary, illogical, or vague.[4] Because the county's use of voting districts and property lines to determine the number and location of licensed stores is reasonably related to its goal of regulating the retail sale of beer and wine, we conclude that the ordinance does not violate due process.

2. The record also does not support Bradshaw's contention that the county ordinance violates equal protection. Specifically, she failed to present any evidence that the county has treated differently other similarly situated applicants for liquor licenses.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Stewart, Melvin & Frost, Frank Armstrong III,* for appellant.
*Cary D. Cox,* for appellees.

---

lated due process in denying liquor license when applicant met all the ordinance's objective standards for location).

[3] Cf. *Mayor & Council v. Anderson*, 246 Ga. 786, 787-788 (272 SE2d 713) (1980) (concluding that county ordinance tying the number of liquor licenses to the number of city inhabitants is not void for vagueness); see also OCGA § 3-3-2 (b) (1) (requiring ascertainable standards in local licensing ordinances).

[4] See *Corey Outdoor Advertising v. Board of Zoning Adjustment*, 254 Ga. 221, 222-223 (327 SE2d 178) (1985) (rejecting vagueness challenge to provision that prohibited signs from being "erected on or within 300 feet of the boundaries" of historic properties).