S00A1900. CAFÉ RISQUE/WE BARE ALL EXIT 10, INC.
v. CAMDEN COUNTY et al.

(542 SE2d 108)

SEARS, Justice.

Appellant corporation Café Risque/We Bare All Exit 10, Inc., appeals the trial court's dismissal of its request for mandamus relief that would have compelled appellee Camden County to issue it an occupational license, and to reinstate a special use permit that was revoked. We agree with the trial court that Café Risque was not entitled to mandamus relief under any conceivable set of facts, and therefore we affirm the dismissal of its petition for relief.

A corporation, I-95 Management, Inc., applied for a special use permit to construct a warehouse in a district zoned as Interchange Commercial ("IC"), in which commercial land uses are limited by ordinance to the following: filling stations, auto or truck repair shops, restaurants and lounges, hotels and motels, gift shops, and tent and trailer campgrounds. The ordinance also allows the issuance of special use permits in an IC zone for churches, banks, business offices, and plant nurseries.

Camden County granted I-95 Management a special use permit for its warehouse, and the latter erected a 20' x 25' portable building on the premises, as well as a large billboard. I-95 Management, Inc., then obtained an occupational license to operate the warehouse for the storage of retail products. It then subleased the premises to appellant Café Risque/We Bare All Exit 10, Inc., ostensibly for the same use. Following Café Risque's request for an occupational license, the Camden County Director of Planning and Zoning denied the license and revoked I-95 Management, Inc.'s special use permit.

In a letter, the Director informed I-95 Management that she believed the company had no intention of adhering to the terms of the special use permit and that the permit therefore was invalid. The Director also advised Café Risque that it could not "piggyback" onto I-95 Management's special use permit, but that Café Risque could reapply for an independent permit. Café Risque filed a mandamus petition asking the trial court to order the reinstatement of the special use permit and the issuance of an occupational license. After a hearing, the trial court dismissed the petition with prejudice because Café Risque was not entitled to mandamus relief under any conceivable set of facts.

In its dismissal order, the trial court noted that Café Risque had

filed an application for an occupational use permit. However, Café Risque was the name of an already-existing Camden County business. Because County officials were unaware whether Café Risque and the existing business were one and the same, or whether they were independent entities, the trial court concluded that County officials had properly denied the occupational license and revoked the special use permit in order to investigate the possibility of trade name infringement.

On appeal, Café Risque argues that the trial court erred in ruling that the County was entitled to examine the purported transfer of the special use permit to determine whether it infringed upon the trade name rights of third parties, and was unauthorized to revoke the special use permit issued to I-95 Management, Inc. We need not address these contentions directly, because we conclude that the special use permit issued to I-95 Management was void at the time of its issuance, and hence was not subject to transfer in the first place.

As explained above, I-95 Management, Inc., was issued a special use permit for the construction and operation of a warehouse in a portion of Camden County that is zoned IC — Interchange Commercial. In an IC zone, permitted land uses "should be limited to the needs of truckers and travelers, which are food, service, fuel and lodging."[1] Thus, land in an IC zone "shall be used" only for filling stations, auto or truck repair shops, restaurants and lounges, hotels and motels, gift shops, and tent and trailer campgrounds (and ancillary purposes).[2] Special use permits may be issued for the establishment of churches, banks, professional and business offices, and plant nurseries.[3] However, Camden County's Zoning Ordinance does **not** allow warehouses in areas zoned as IC. Rather, it requires warehouses to be located in districts zoned as Restricted Industrial ("IR").[4]

Hence, under Camden County's Zoning Ordinance, a warehouse is not authorized within an IC zone, either as a permitted or a special use. Therefore, the County's issuance of a special use permit to I-95 Management, Inc., for the construction and operation of a warehouse was an ultra vires act, rendering the special use permit null and void from its inception.[5]

---

[1] Zoning Ordinance and Subdivision Regulation of Camden County, § 510 (A).

[2] Id.

[3] Id. § 510 (B).

[4] Id. § 511 (A).

[5] *Corey Outdoor Advertising v. City of Atlanta*, 254 Ga. 221, 227 (327 SE2d 178) (1985) ("a permit issued for either an illegal use or an illegal non-conforming use is void; it cannot be used as an excuse to continue the use in violation of the zoning ordinance, and it does not vest constitutional rights."); see *Matheson v. DeKalb County*, 257 Ga. 48, 49 (354 SE2d 121) (1987); *Jackson v. Delk*, 257 Ga. 541, 543 (361 SE2d 370) (1987).

The law in Georgia, like the rule in nearly all jurisdictions, supports the conclusion that a permit for an illegal use is void and vests no property rights. . . . In order for a property right to vest, it is essential that the building permit must be "based upon a permitted use under the zoning law then in force"; that "a building permit has been legally obtained and is valid in every respect"; and that the building permit must be "validly issued."[6]

Moreover, the County was not estopped from revoking the improperly issued permit, because "[n]ot even estoppel can legalize or vitalize that which the law declares unlawful and void."[7]

Where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance [based] on a void permit does not raise an estoppel.[8]

A judgment that is right for any reason will be affirmed by this Court.[9] Because the special use permit issued to I-95 Management, Inc., by Camden County was for an improper purpose and hence void, the County properly revoked the permit. Furthermore, the purported special use rights transferred by I-95 Management to Café Risque were void and meaningless. Moreover, Café Risque's request for an occupational license was properly denied because it sought to occupy premises that were unlawful under the County's zoning code. Under no set of circumstances would Café Risque be entitled to mandamus relief in this matter, and the trial court's dismissal of the petition for relief is therefore affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gregory T. Carter*, for appellees.

---

[6] (Citations omitted.) *Corey*, supra.
[7] Id.
[8] *Matheson*, 257 Ga. at 49.
[9] *State of Ga. v. Cafe Erotica*, 270 Ga. 97, 101 (507 SE2d 732) (1998).