S01A1274. FAIRFAX MK, INC. et al. v. CITY OF CLARKSTON et al.
(555 SE2d 722)

Carley, Justice.

Fairfax MK, Inc. applied for a building permit to construct a gasoline service station in the City of Clarkston on property owned by Creek Pointe MK, LLC. Because the property is located near a day care center, the City Council denied the application based upon a provision of the City's Gasoline Service Station Ordinance (GSSO) which requires a minimum distance of 500 feet between a gas station and a school or other place of public assembly. Thereafter, the City amended the GSSO specifically to include day care centers within the definition of the term "school." Fairfax MK subsequently submitted a second application for a building permit, which was also denied. Fairfax MK and Creek Pointe MK (Appellants) brought suit for declaratory judgment and mandamus. The trial court granted summary judgment in favor of the City, based in part on the ruling that the GSSO is not a zoning ordinance subject to the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq. Appellants filed an application for discretionary appeal, which we granted in order to consider what constitutes a zoning ordinance under the ZPL.

1. The ZPL "is mandatory and applies to the entire process of adopting or amending a zoning ordinance. [Cits.]" *Little v. City of Lawrenceville*, 272 Ga. 340, 341 (1) (528 SE2d 515) (2000). However, zoning is to be distinguished from other regulations with which a developer must comply, such as requirements for a building permit. See *McClure v. Davidson*, 258 Ga. 706, 711 (6) (373 SE2d 617) (1988). Each type of regulation "is independent of the other and seeks to accomplish its purpose by a different means." 8 McQuillin, Municipal Corporations § 25.12, p. 45 (3rd ed. rev. 2000).

OCGA § 36-66-3 (5) defines the term "zoning ordinance" as "an ordinance or resolution of a local government establishing procedures and zones or districts within its respective territorial boundaries which regulate the uses and development standards of property

within such zones or districts." This definition encompasses only regulation of uses and development by means of zones or districts.

> "Zoning" means the power of local governments to provide within their respective territorial boundaries for the *zoning or districting* of property for various uses and the prohibition of other or different uses *within such zones or districts* and for the regulation of development and the improvement of real estate *within such zones or districts* in accordance with the uses of property *for which such zones or districts were established.*

(Emphasis supplied.) OCGA § 36-66-3 (3). Thus, "zoning ordinances" are those which "regulate by classifying property into separate districts. . . ." *City of Lilburn v. Sanchez,* 268 Ga. 520, 521 (1) (491 SE2d 353) (1997).

Other jurisdictions hold "that compliance with statutory zoning procedures is needed only when the local law in question represents an exercise of the local government's general 'zoning' powers, rather than an exercise of a more specific 'police' power." *Town of Islip v. Zalak,* 566 NYS2d 306, 310 (Sup. Ct. 1991).

> [A] zoning ordinance [is] one which involves "a comprehensive or master plan for dividing the community into zones where specified uses are permitted," as compared with licensing law which "is directed at one particular activity no matter where in the town it is carried out." [Cit.] Put more simply, licensing "regulates establishments based on the type of business they conduct," and zoning regulates them "based on their location." [Cit.]

*Mayor and City Council of Baltimore v. Dembo,* 719 A2d 1007, 1011 (Md. App. 1998).

Here, Appellants were not prevented from building a service station because of the property's zoning. The City denied a building permit because the proposed facility would be close to a day care center. The fact that a licensing ordinance somewhat concerns location does not make it a zoning ordinance. The regulation of certain types of businesses due to their inherent character is not general and comprehensive like zoning. Instead, such regulation is special and limited in scope and governed by consideration of the circumstances, at the time of application, as to the particular business under consideration, the applicant, and even the location proposed. *Mayor and City Council of Baltimore v. Dembo,* supra at 1011; *Primm v. City of Reno,* 252 P2d 835, 839 (Nev. 1953). The presence of lot size requirements or space restrictions does not transform a local licensing or regula-

tory ordinance into one governed by a zoning procedures statute where it is clear from a reading of the ordinance "as a whole that it is intended to regulate a particular occupation, rather than to regulate the general uses of land." *Town of Islip v. Zalak*, supra at 310. See also *Bittinger v. Corporation of Bolivar*, 395 SE2d 554, 558 (I) (W. Va. 1990). If a local ordinance applies to a particular activity wherever it is carried out in the town and does not suspend or limit the zoning ordinance, it "is not a zoning law merely because it touches the use of land." *Town of Islip v. Zalak*, supra at 311.

Accordingly, the trial court correctly concluded that the GSSO is not a zoning ordinance and, therefore, the procedural requirements of the ZPL do not apply.

2. Appellants also urge that the trial court erred in failing to strike the amendments to the GSSO for noncompliance with the requirement of § 2-26 of the City Code. They contend that that ordinance provides that the order of business at City Council meetings be as specified on the agenda prepared beforehand, but the record does not contain any copy of § 2-26. "The superior and appellate courts of this state do not take judicial notice of a municipal ordinance. [Cits.]" *Police Benevolent Assn. v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). See also *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996); *Hernandez v. Bd. of Commissioners*, 242 Ga. 76, 77 (247 SE2d 870) (1978). Moreover, although it is within the province of courts to inquire into compliance with statutory charter provisions, the observance of parliamentary and other procedural rules enacted by a municipal corporation is not a matter of judicial concern. *Ellis v. Stokes*, 207 Ga. 423, 429-430 (2) (61 SE2d 806) (1950); *South Georgia Power Co. v. Baumann*, 169 Ga. 649, 654-655 (2) (151 SE 513) (1929).

3. Appellants further contend that the trial court erred in failing to find that the day care center is illegally operating in an Office-Institutional district, which does not include a school as a permitted use. However, Appellants waived this objection by failing to raise it before the City Council. See *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 427 (2) (383 SE2d 123) (1989); *Hyman v. Pruitt*, 226 Ga. 625-626 (1) (176 SE2d 707) (1970); *Soerries v. City of Columbus*, 222 Ga. App. 745, 746 (476 SE2d 64) (1996) (failure to raise statutory issues before the City Council precluded raising them for the first time in court).

4. Appellants urge that the trial court applied an incorrect standard, because it found that the distance requirements of the GSSO are not arbitrary or capricious.

The proper standard is whether the distance requirement is rationally related to a legitimate government purpose. *Bradshaw v. Dayton*, 270 Ga. 884 (1) (514 SE2d 831) (1999); *City of Lilburn v.*

*Sanchez,* supra at 521 (1); *Cannon v. Coweta County,* 260 Ga. 56, 57 (2) (389 SE2d 329) (1990). Compare *Gradous v. Bd. of Commissioners,* 256 Ga. 469 (349 SE2d 707) (1986).

> Stated another way, an ordinance satisfies this substantive-due-process test if the ordinance serves some public purpose and if the means adopted by the ordinance are reasonably necessary for the accomplishment of the purpose, and are not unduly oppressive upon the persons regulated, [cits.].

*Cannon v. Coweta County,* supra at 58 (2). This test includes the requirement that the regulation be neither arbitrary nor capricious. *Hayward v. Ramick,* 248 Ga. 841, 843 (1) (285 SE2d 697) (1982); *Rockdale County v. Mitchell's Used Auto Parts,* 243 Ga. 465 (254 SE2d 846) (1979). However, the prohibition against arbitrary or capricious regulation is *also* a relevant consideration in a challenge to the constitutionality of a zoning ordinance as applied, under *Gradous v. Bd. of Commissioners,* supra. The substantive due process, rather than the *Gradous* standard, applies here. *Cannon v. Coweta County,* supra at 58 (2). Other than its finding that the distance requirements are not arbitrary and capricious, the trial court did not expressly mention or apply any standard in its order. Because it is unclear which standard was relied upon by the trial court, we remand this case for a determination of the constitutionality of the distance requirements of the GSSO under the correct substantive due process test set out above. See *In re R. L. L.,* 258 Ga. 628 (373 SE2d 363) (1988).

*Case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 30, 2001.

*Dillard & Galloway, C. Douglas Dillard, Andrea C. Jones,* for appellants.

*Sanders, Haugen, Sears & Meeker, Theodore P. Meeker III, Laurel E. Henderson,* for appellees.

