S02A0736. CITY OF WALNUT GROVE v. QUESTCO, LTD.
S02X0737. QUESTCO, LTD. v. CITY OF WALNUT GROVE et al.
(564 SE2d 445)

HUNSTEIN, Justice.

The City of Walnut Grove appeals from the ruling of the Walton County Superior Court holding that the City's 1998 comprehensive sign ordinance was enacted in violation of the Zoning Procedures Law ("ZPL"), OCGA § 36-66-1 et seq. Questco, Ltd. cross appeals from the denial of its claims for attorney fees and damages for lost profits. Finding no error in the trial court's rulings, we affirm both cases.

1. The City contends the trial court erred by finding that the ZPL applies to sign ordinances in general and the City's sign ordinance in particular. The City argues that sign ordinances are land use regulations not subject to the ZPL. This Court recently addressed the analysis appropriate for determining when the ZPL applies to a regulatory ordinance in *Fairfax MK, Inc. v. City of Clarkston,* 274 Ga. 520 (555 SE2d 722) (2001). We recognized in *Fairfax MK* that zoning ordinances "are those which 'regulate by classifying property into separate districts. . . .' [Cit.]" Id. at 521.

> The regulation of certain types of businesses due to their inherent character is not general and comprehensive like zoning. Instead, such regulation is special and limited in scope and governed by consideration of the circumstances . . . . [Thus, i]f a local ordinance applies to a particular activity wherever it is carried out in the town and does not suspend or limit the zoning ordinance, it "is not zoning law merely because it touches the use of land." [Cit.]

Id. at 521-522 (1).

However, as we also recognized in *Fairfax MK,* a regulatory ordinance is not governed by the ZPL in those circumstances "where it is clear from a reading of the ordinance '*as a whole* that it is intended to regulate a particular occupation, rather than to regulate the general uses of land.' [Cits.]" (Emphasis supplied.) Id., 274 Ga. at 522 (1).

Clearly, sign ordinances may be subject to the ZPL when they

are drafted in such a manner as to regulate the uses and development standards of property, i.e., signs, by means of zones or districts. See OCGA § 36-66-3 (5), defining "zoning ordinance." This Court has accordingly applied the ZPL to sign ordinances. See, e.g., *City of Roswell v. Outdoor Systems*, 274 Ga. 130 (549 SE2d 90) (2001). While we cannot agree with the trial court's rationale that a sign ordinance is subject to the ZPL merely because the City placed the provisions of the sign ordinance within its zoning code and referred to it as a "zoning" ordinance in legal publications, we likewise reject the City's argument that no sign ordinance is ever subject to the ZPL. Rather, we reiterate our holding in *Fairfax MK* which requires that a land use regulation be evaluated as a whole to determine whether or not it involves dividing a governmental unit into zones or districts and applying different standards to such zones or districts in regard to property therein. See OCGA § 36-66-3 (a).

We do not agree with the City that its sign ordinance is more consonant with the business license ordinance analyzed by this Court in *Fairfax MK*. When the sign ordinance at issue in this appeal is read as a whole, it is clear that the ordinance divided the City into districts (specifically, the existing zoning districts) and regulated the uses of signs relative to the districts in which the signs were located. Although the City points to the language in § 10.10 of the sign ordinance, which prohibits the erection of billboards at any location in the City, as proof that the sign ordinance is not governed by the ZPL because it does not regulate by classifying property into separate districts, that argument is rebutted by the provisions in §§ 10.4.1 A and 10.4.2 A of the sign ordinance, which specifically address the erection of billboards in each individual zoning district within the City.[1] Accordingly, the trial court did not err by concluding that the City's sign ordinance was subject to the ZPL.[2] Because it is uncontroverted that the ordinance was not enacted in accordance with the ZPL, the trial court did not err by finding the sign ordinance to be invalid and ordering the City to issue the necessary permits to allow Questco to erect its signs.

2. Based on our review of the record, the trial court properly

---

[1] § 10.4.1 A provides that billboard type or animated signs are not permitted in AG, R-1, R-2, R-3, or PUD districts; § 10.4.2 A provides that billboard type or animated signs are not permitted in C-1, C-2, M-1, O-1 or G-PU districts.

[2] The City failed to raise any argument below that § 10.10 should be severed from the remaining ordinance. Assuming, arguendo, that this argument has not been waived, we reject the City's argument that § 10.10 can be severed from the remaining ordinance in light of the language in §§ 10.4.1 A and 10.4.2 A of the sign ordinance, which clearly reflects the City's intent to ban all billboards on a district-by-district basis. Further, contrary to the City's contention, the record contains no City ordinance which authorizes severance of this section. See *Fairfax MK*, supra, 274 Ga. at 522 (2) (appellate courts will not take judicial notice of municipal ordinances).

determined that Questco is not entitled to recover from cross appellees on its claim for money damages in the form of lost profits or attorney fees because Questco failed to comply with the ante litem notice provisions in OCGA § 36-33-5. See *Dover v. City of Jackson*, 246 Ga. App. 524 (1) (541 SE2d 92) (2000) (ante litem provisions apply to claim for damages arising out of zoning dispute). Questco is precluded from asserting claims for damages under Federal law by its failure to raise those claims in the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 2002.

*Franklin H. Thornton*, for appellant.

*Carothers & Mitchell, Richard A. Carothers, William M. Coolidge III*, for appellees.