S03A0669, S03X0670. UNION COUNTY et al. v. CGP, INC. et al.; and vice versa.
(589 SE2d 240)

BENHAM, Justice.

This case involving floodplain and floodway building restrictions in Union County arises in the context of the development of a subdivision in an area between two streams. The County has had a Flood Damage Prevention Ordinance (hereinafter "flood ordinance") since 1984, and amended it in 1993 and again in 2000. CGP, Inc. began considering development of a retirement community in Union County in the mid-1990s and discussed the project with the sole county commissioner in 1996. CGP purchased the land involved here

in 1997; got approval from the State Department of Health in May 1997; got a land disturbing activity permit and three building permits from the county that same month; got approval from the county of an erosion and sediment control plan; got approval from the Georgia Department of Natural Resources for the septic system; got final approval of the septic system from the county Board of Health; and got building permits for six additional houses in April 2000. When CGP sought more building permits in 2001, they were refused and CGP was told there would be no more permits issued until the subdivision was in compliance with the flood ordinance. CGP brought suit seeking a declaration of its rights and a writ of mandamus forcing the county to issue the desired building permits. After a hearing, the trial court denied mandamus, but declared CGP had a vested right to complete the subdivision without complying with the flood ordinance, and ordered the issuance of building permits on that basis. Union County appeals that judgment in the main appeal and CGP cross-appeals from the trial court's denial of its claims regarding the validity of the flood ordinance.

1. It is the duty of this Court to consider the question of its jurisdiction in any case in which doubt arises that such jurisdiction exists. *Powell v. City of Snellville*, 275 Ga. 207 (1) (563 SE2d 860) (2002). Union County's notice of appeal asserted this Court has jurisdiction because this is an appeal from an order in a mandamus action. See Ga. Const. 1983, Art. VI, Sec. VI, Par. III ("Supreme Court shall have appellate jurisdiction of the following classes of cases: . . . (5) All cases involving extraordinary remedies . . ."); *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (3) (582 SE2d 109) (2003) ("Mandamus is an extraordinary remedy. . . ."). CGP suggests this case belongs in the Court of Appeals because this is an appeal by the county from the grant of declaratory judgment, and the trial court's denial of mandamus, which was in the county's favor, is not before this Court. However, the trial court's order, though it clearly held mandamus was denied, awarded CGP under the heading of declaratory judgment exactly what CGP sought in the mandamus portion of its complaint, and based that relief on the ground asserted in the mandamus portion of the complaint, that CGP had obtained a vested right to continue the development without the impact of the flood ordinance. "[M]andamus is used to compel an official to perform a duty." *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). Ordering Union County to issue the building permits CGP sought thus amounts to the grant of mandamus. Since "[a] document is to be construed by its substance or function . . . ," (*Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998)), we conclude this is an appeal from the grant of mandamus and jurisdiction over this appeal is properly before this Court.

2. This Court held in *WMM Properties v. Cobb County*, 255 Ga. 436 (339 SE2d 252) (1986), that vested rights to development arise when any of four conditions is shown to exist: "(a) Right to Rely upon Building and other Permits Once Issued . . . (b) Right to Issuance of a Building Permit . . . (c) Right to Rely upon Approved Development Plan . . . (1) Formally approved . . . (2) Informally approved . . . (d) Right to Rely upon Official Assurances that a Building Permit Will Probably Issue." The trial court held in this case, consistently with the principles stated in *WMM Properties*, that CGP's rights became vested because of "substantial expenditures in furtherance of approved plans and permits, plus officials' assurances that future permits would probably issue for the development as submitted."

It is apparent from reading the decision that all the bases enumerated in *WMM Properties* for the accrual of vested rights involve some species of estoppel. Union County points out, however, estoppel will not lie against a county government and vested rights do not arise from the issuance of illegal building permits. "Not even estoppel can legalize or vitalize that which the law declares unlawful and void. . . . [E]quitable estoppel will not apply so as to frustrate or contravene a governmental function of a governmental unit." *Corey Outdoor Advertising v. Bd. of Zoning Adjustments &c. of Atlanta*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985). Unofficial approval of CGP's plans without regard to the restrictions of the flood ordinances would frustrate Union County's duty to its residents to enforce the law and would violate the principle stated in *Corey Outdoor Advertising*. The fact that Union County issued building permits is equally unavailing to CGP:

> The issuance of a building permit results in a vested right only when the "permit has been legally obtained and is valid in every respect," [cit.] and has been "validly issued." [Cit.] Where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise an estoppel.

*Matheson v. DeKalb County*, 257 Ga. 48, 49 (3) (354 SE2d 121) (1987). Any perceived conflict between the holding in *WMM Properties* and *Matheson* is resolved by noting that in *WMM Properties* and the cases it relies upon, there was no question of illegality in the actions leading to the accrual of vested rights. The legal actions taken in the situations addressed in *WMM Properties* created vested rights while the illegal actions addressed in *Matheson* did not. That being so, it follows that the flood control ordinances involved here, if valid, pre-

vented the accrual of vested rights.

3. On cross-appeal, CGP asserts the trial court erred in rejecting its attacks on the validity of the flood ordinances. CGP contends the 1984 and 1993 ordinances are void because Union County failed to give its residents sufficient notice and opportunity to be heard when enacting the ordinances. Our consideration of this issue begins with the principle that "all reasonable presumptions favor the constitutionality of a legislative act, and the burden of showing to the contrary is on the attacking party. . . ." *Bohannon v. Duncan*, 185 Ga. 840 (1) (196 SE 897) (1938). See also *Dee v. Sweet*, 268 Ga. 346, 348 (1) (489 SE2d 823) (1997) ("[T]he burden is on the party alleging a statute to be unconstitutional to prove it."). CGP's attack on the ordinances is based on an asserted lack of notice and an opportunity to be heard, in support of which it points to stipulations in the record that meetings were not held on certain dates and notices that proposed ordinances would be considered were not published in the legal organ of the county. CGP did not show at trial, however, that any particular form of notice was required by statute, ordinance, or case law, or that meetings on the dates specified were essential to the validity of the ordinances. On the other hand, evidence was introduced at trial establishing that other forms of notice than publication were used and that meetings were conducted at which the ordinances were discussed. We conclude, therefore, that CGP did not bear its burden of showing the unconstitutionality of the ordinances, and that the trial court did not err in rejecting CGP's due process attack on the 1984 and 1993 flood control ordinances.

CGP also contends the 1994 and 2000 ordinances are invalid because their enactment did not comply with the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq. The trial court rejected that attack on the basis of the holding in *City of Decatur v. DeKalb County*, 256 Ga. App. 46 (1) (567 SE2d 376) (2002), which relied on this Court's explanation of the scope of the ZPL in *Fairfax MK, Inc. v. City of Clarkston*, 274 Ga. 520, 521 (1) (555 SE2d 722) (2001):

> "Zoning" means the power of local governments to provide within their respective territorial boundaries for the *zoning or districting* of property for various uses and the prohibition of other or different uses *within such zones or districts* and for the regulation of development and the improvement of real estate *within such zones or districts* in accordance with the uses of property *for which such zones or districts were established*. (Emphasis supplied.) OCGA § 36-66-3 (3). Thus, "zoning ordinances" are those which "regulate by classifying property into separate districts. . . ."

The ordinances in question in the present case do not classify property into separate districts. Instead, they apply to all property in the county subject to a specified physical phenomenon, specifically, periodic flooding. That being so, the ordinances here are not zoning ordinances within the definition explained in *Fairfax MK*, supra. See also *Greater Atlanta Homebuilders Assn. v. DeKalb County*, 277 Ga. 295 (588 SE2d 694) (2003). It follows, therefore, they are not subject to the notice requirements of the ZPL and are not invalid for the reasons asserted by CGP.

In summary, we conclude the trial court did not err in rejecting CGP's challenges to Union County's flood ordinance, and the flood ordinance in place when CGP began development prevented the accrual of vested rights to development free of the restrictions imposed by the ordinance. Accordingly, we hold the trial court erred in holding CGP had obtained a vested right to complete its development free of the restrictions imposed by the flood ordinance and in ordering the county to issue without regard to the ordinances the building permits needed to complete the development.

*Judgment reversed in Case No. S03A0669. Judgment affirmed in Case No. S03X0670. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

*Freeman, Mathis & Gary, Dana K. Maine, Paul B. Frickey*, for appellant.

*Powell, Goldstein, Frazer & Murphy, John W. Harbin, Simon H. Bloom, Bryan E. Busch*, for appellees.