On Application for Rehearing.
 

 PITTMAN, Judge.
 

 This court’s opinion of May 25, 2007, is withdrawn, and the following is substituted therefor.
 

 The director of the Baldwin County Planning and Zoning Department, Wayne Dyess; the Baldwin County Planning and Zoning Commission; and the Baldwin County Commission (jointly, “the defendants”) appeal from a summary judgment entered in an action brought in the Baldwin Circuit Court by Bay John Developers II, L.L.C. (“Bay John”), to force approval
 
 *392
 
 of plans for a condominium complex Bay John proposes to build in an unincorporated area near Gulf Shores in southern Baldwin County. According to the record, the parties agree that the proposed development is to be located in a designated “flood prone” area in the county.
 

 In September 2005, Bay John filed in the Baldwin Circuit Court a petition for a writ of mandamus compelling the defendants to approve eondominitan-construction plans that Bay John had submitted to the Baldwin County Planning and. Zoning Department in July 2005. In its petition, Bay John asserted that its proposed development was not subject to any regulations promulgated by the defendants. In February 2006, Bay John amended its pleading, replacing its petition for a writ of mandamus with a complaint seeking a declaratory judgment and injunctive relief. At the same time, Bay John filed a summary-judgment motion in which Bay John reiterated its earlier allegations and submitted affidavits and a copy of the Baldwin County Subdivision Regulations (“the subdivision regulations”). The defendants filed an answer and a brief in opposition to Bay John’s summary-judgment motion. The defendants asserted that because Bay John had filed the development plans without an application for a building permit, and because the defendants had requested more information before making a decision to deny or approve the development, Bay John’s claims were not ripe for review. In addition, the defendants submitted evidence tending to show that the county’s subdivision regulations were not zoning regulations and, therefore, were properly enforceable under Alabama law as to any proposed development in Baldwin County that would be located in a designated flood-prone area.
 
 See generally
 
 Ala.Code 1975, §§ 11-19-1 through 11-19-24.
 

 Subsequently, the trial court entered a summary judgment in favor of Bay John. The trial court opined that Bay John’s proposed condominium development was not a “subdivision” and, therefore, that the county’s subdivision regulations did not apply to that proposed development. Moreover, the trial court concluded that the pertinent subdivision regulations were, in fact, zoning regulations that could not be enforced by the defendants in an area that had not yet voted to be subject to the county’s zoning ordinance.
 
 See
 
 Act No. 91-719, Ala. Acts 1991 (as amended by Act No. 98-665, Ala. Acts 1998). The trial court also awarded Bay John injunctive relief restraining the defendants from imposing or attempting to impose any provisions of the county’s subdivision regulations, including any density limitations, on Bay John’s property. In addition, the defendants were enjoined from interfering with the construction of Bay John’s condominium project, including but not limited to Bay John’s acquisition of a building permit.
 

 The defendants have appealed and assert that the trial court erred in several respects in entering the summary judgment. The defendants first assert that Bay John’s claim was not ripe for adjudication because, they contend, Bay John never submitted a building-permit application for review by the defendants.
 

 The Declaratory Judgment Act, §§ 6-6-220 through -232, Ala.Code 1975, “does not ‘ “empower courts to ... give
 
 advisory opinions,
 
 however convenient it might be to have these questions decided for the government of future cases.” ’ ”
 
 Bruner v. Geneva County Forestry Dep’t,
 
 865 So.2d 1167, 1175 (Ala.2003) (quoting
 
 Stamps v. Jefferson County Bd. of Educ.,
 
 642 So.2d 941, 944 (Ala.1994), quoting in turn
 
 Town of Warrior v. Blaylock,
 
 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (em
 
 *393
 
 phasis added in
 
 Stamps).
 
 Our Supreme Court has emphasized that declaratory-judgment actions “must settle a
 
 ‘bona fide
 
 justiciable controversy.’ ”
 
 Baldwin County v. Bay Minette,
 
 854 So.2d 42, 45 (Ala. 2003) (quoting
 
 Gulf South Conference v. Boyd,
 
 369 So.2d 553, 557 (Ala.1979)). The controversy must be “ ‘definite and concrete,’ ” must be “ ‘real and substantial,’ ” and must seek relief by asserting a claim opposed to the interest of another party “ ‘ “upon a state of facts which must have accrued.”’”
 
 Baldivin County,
 
 854 So.2d at 45 (quoting
 
 Copeland v. Jefferson County,
 
 284 Ala. 558, 561, 226 So.2d 385, 387 (1969)). “ ‘[Declaratory judgment proceedings will not lie for an “anticipated controversy.” ’ ”
 
 Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.,
 
 828 So.2d 285, 288 (Ala.2002) (quoting
 
 City of Dothan v. Eighty-Four West, Inc.,
 
 738 So.2d 903, 908 (Ala.Civ.App.1999)). Thus, if a declaratory judgment would not terminate any uncertainty or controversy, the court should not enter such a judgment.
 
 Bruner,
 
 865 So.2d at 1175; see
 
 also Bedsole v. Goodloe,
 
 912 So.2d 508, 518 (Ala.2005). On the other hand, our Supreme Court has recognized that a purpose of the Declaratory Judgment Act is “to enable parties between whom an actual controversy exists or those between whom litigation is
 
 inevitable
 
 to have the issues speedily determined when a speedy determination would prevent unnecessary injury caused by the delay of ordinary judicial proceedings.”
 
 Harper v. Brown, Stagner, Richardson, Inc.,
 
 873 So.2d 220, 224 (Ala.2003).
 

 In the present case, the defendants contend that Bay John must first submit the plans and specifications for the proposed condominium development to the Baldwin County Planning and Zoning Commission and then wait for a final decision approving or denying that building application before a justiciable controversy will exist. However, Bay John counters that because it has contended that the regulations propounded and enforced by the defendants do not apply to Bay John’s proposed development, Bay John will never file and should not be required to file an application with the defendants. The controversy between Bay John and the defendants is justiciable because “present ‘legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment statutes.’”
 
 Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.,
 
 828 So.2d at 288 (quoting
 
 Town of Warrior v. Blaylock,
 
 275 Ala. at 114, 152 So.2d at 662). In the present case, the defendants contend that Bay John cannot proceed to build its condominium development without a county building permit; however, Bay John insists that it need not submit itself to the requirements of the county’s subdivision regulations, which control density, road size, and other general considerations relating to building developments in the unincorporated areas of Baldwin County. Because Bay John’s plan to improve its property is being “thwarted or affected” by the defendants’ refusal to issue a building permit without compliance with the county’s subdivision regulations, we agree with the trial court’s determination that a justiciable controversy is presented in this case.
 

 The appellate standard of review of summary judgments is well settled:
 

 “We review a summary judgment de novo.
 
 Williams v. State Farm Mut. Auto. Ins. Co.,
 
 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;
 
 Blue Cross & Blue Shield of Alabama v. Ho-
 
 
 *394
 

 durski
 
 899 So.2d 949, 952 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant.
 
 Wilson v. Brown,
 
 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce ‘substantial evidence’ creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12;
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala. 1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Fla.,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 Turner v. Westhampton Court, L.L.C.,
 
 903 So.2d 82, 87 (Ala.2004).
 

 Bay John’s declaratory-judgment claim challenged the propriety and application of certain provisions of the subdivision regulations adopted by the Baldwin County Commission and administered by the Baldwin County Planning and Zoning Commission. The defendants assert that the county’s subdivision regulations were adopted pursuant to Ala.Code 1975, §§ 11-19-1 through 11-19-24 (which apply to buildings erected on flood-prone land); Ala. Code 1975, §§ 11-24-1 through 11-24-6 (which authorize counties to enact and to enforce comprehensive subdivision regulations throughout the county but outside municipal corporate limits); and two local acts that authorized Baldwin County to exercise certain police powers over subdivisions within the county.
 

 The first of these local acts, Act No. 91-719, Ala. Acts 1991 (as amended by Act No. 98-665, Ala. Acts 1998), establishes the Baldwin County Planning and Zoning Department, provides for the adoption and enforcement of planning and zoning regulations by the county, and authorizes the exercise of general police power over the placement and development of subdivisions within the county. The second local act, Act No. 1094, Ala. Acts 1973, authorizes the Baldwin County Commission “to regulate the minimum size of lots located or to be located in subdivisions of land” within the county situated outside the corporate limits of any municipality in Baldwin County. In addition, Act No. 1094 empowers the Baldwin County Commission “to regulate the planning and construction of all public streets, public roads, and drainage structures located or to be located in subdivisions of land” in the unincorporated areas of the county. Moreover, that act also authorizes the Baldwin County Commission to “require [that] the developers of all proposed subdivisions of lands” to be located in the unincorporated areas of the county “submit the plat of such proposed subdivision to the County Commission” for approval before such development may commence.
 

 Particularly significant to a proper consideration of this appeal is the statutory authority codified at § 11-19-1 et seq., Ala.Code 1975, which grants counties broad authority over subdivisions that are located outside municipal boundaries within each county. That grant of planning authority specifically instructs each county to enact and enforce general land-use regulations, subdivision regulations, and even zoning regulations in “flood prone” areas.
 
 See
 
 § 11-19-7, Ala.Code 1975. As noted previously, no party to this appeal has contested the fact that Bay John plans to locate its development within a designated “flood prone” area of Baldwin County. After a careful review of the record and the relevant statutes, we can find nothing irregular or improper in the adoption or enforcement of subdivision regulations pertaining to the unincorporated areas in
 
 *395
 
 Baldwin County; to the extent that the trial court based any portion of its summary judgment upon a determination that Baldwin County had improperly adopted its subdivision regulations, that decision was erroneous.
 

 The defendants next assert that the county’s subdivision regulations are not an improper attempt to apply zoning restrictions to Bay John’s property. Our Supreme Court has noted that “ ‘[z]oning’ and ‘planning’ are not synonymous.”
 
 Roberson v. City of Montgomery,
 
 285 Ala. 421, 425, 233 So.2d 69, 72 (1970). In Alabama, the field of zoning “is primarily concerned with the regulation of the use of property, to structural and architectural designs of buildings, and the character [or type] of use to which the property or buildings
 
 within classified or designated districts
 
 may be put.”
 
 Id.
 
 (emphasis added). In contrast, in
 
 Roberson, supra,
 
 our Supreme Court noted that “ ‘planning’ relates to the systematic and orderly development of a community.”
 
 Id.
 

 The county’s subdivision regulations do not attempt to designate certain districts or areas or to restrict the kind, character, or use of structures on property set out in specific zones or districts. The pertinent subdivision regulations generally set forth the minimum size of lots; the layout and construction of public streets, roads, and drainage structures; and the proper placement of public utilities. In addition, the subdivision regulations specifically address the character of flood-prone land; Article 5 of the regulations notes that land found “to be unsuitable for subdivision or development due to flooding, improper drainage, ... or other features which will reasonably be harmful to the safety, health, and general welfare of present or future inhabitants of the subdivision ... shall not be developed unless adequate methods are formulated by the applicant and approved by the County Planning Commission.” As noted by the defendants, the regulations at issue do not seek to limit the actual use of the land. Moreover, the subdivision regulations at issue do not mandate certain types of land usage based upon categories, zones, or districts.
 

 Based upon the definitions of “zoning” and “planning” as articulated in
 
 Roberson,
 
 we conclude that the county’s subdivision regulations are not within the scope of
 
 zoning
 
 regulations, but fall instead within the generally authorized police power of “planning.” As noted by the Georgia Supreme Court, “ ‘[t]he regulation of certain types of businesses [and property] due to their inherent character is not general and comprehensive like zoning.... [I]t “is not zoning law merely because it touches the use of land.” ’ ”
 
 City of Walnut Grove v. Questco, Ltd.,
 
 275 Ga. 266, 266, 564 S.E.2d 445, 446 (2002) (quoting
 
 Fairfax MK, Inc. v. City of Clarkston,
 
 274 Ga. 520, 521-22, 555 S.E.2d 722, 722 (2001)). In light of the recognized distinction between zoning and planning, we conclude that the subdivision regulations at issue in this case do not purport to zone Bay John’s property or the property of other extramunicipal landowners within the county, and we conclude that the trial court erred in determining that the county’s subdivision regulations were “zoning” restrictions. Because we have concluded that the regulations at issue in this case and the application of those regulations to Bay John’s proposed condominium development are a statutorily authorized and proper exercise of the general police power to plan “orderly development” within the unincorporated areas of Baldwin County, the trial court’s characterization of the subdivision regulations as zoning regulations is erroneous. To the extent that the summary judgment is based upon that erroneous conclusion, that judgment must be reversed.
 

 The defendants also assert that the trial court erred in its alternative con-
 
 *396
 
 elusions that the county’s subdivision regulations either do not apply to the proposed condominium project by their terms or that those regulations violate § 35-8A-106(b), Ala.Code 1975, a portion of Alabama’s Uniform Condominium Act. Article 3 of the county’s subdivision regulations defines a “subdivision” as “[t]he development and division of a lot, tract, or parcel of land into two or more lots, plats, sites, or otherwise”; in addition, a “major subdivision” is defined as any development that requires “any new street, drainage, or other public improvements.” That definition is substantially similar to definitions of “subdivision” appearing in several sections of the Alabama Code, including § ll-24-l(a)(4), Ala.Code 1975, which defines a subdivision as “[t]he development and division of a lot, tract, or parcel of land into two or more lots, plats, sites, or otherwise” in order to sell or lease the property. The subdivision regulations do not distinguish between various types of multifamily developments, such as apartments, duplexes, or condominiums.
 

 In the official commentary to the Alabama Uniform Condominium Act, § 35-8A-102 et seq., Ala.Code 1975, the definition of a “condominium” is generally discussed. Of particular interest is a portion of the Alabama Commentary pertaining to § 35-8A-106, in which it is stated that “[bjecause it involves the division of land into two or more parcels, technically a condominium involves a subdivision of real estate.”
 

 Alabama Code 1975, § 35-8A-106(b), states that “[n]o zoning, subdivision, or other real estate use law ... may prohibit the condominium form of ownership or impose any requirement upon a condominium
 
 which it would not impose upon a physically identical development
 
 under a different form of ownership.” (Emphasis added.) We have already concluded that the subdivision regulations were properly promulgated by Baldwin County pursuant to statutory authority and that they apply to Bay John’s proposed development to be located in a “flood-prone” area of Baldwin County. The record contains an affidavit signed by Dyess stating that Article 10
 
 [1]
 
 of the county’s subdivision regulations applies to
 
 all
 
 multifamily construction in the unincorporated areas of the county. Because the subdivision regulations make no distinction between condominiums and other multifamily developments, such as apartments, in their application, we conclude that the trial court erred to the extent that it concluded that those regulations violate § 35-8A-106(b), Ala.Code 1975.
 

 As we have noted, Act No. 91-719, Ala. Acts 1991, as amended by Act No. 98-665, Ala. Acts 1998, provides for the exercise of general police power over subdivisions within Baldwin County; moreover, Act No. 1094, Ala. Acts 1973, authorizes the Baldwin County Commission “to regulate the minimum size of lots” and “to regulate the planning and construction of all public streets, public roads, and drainage structures located or to be located in subdivisions of land situated outside the corporate limits of any municipality in said county”’ Those local acts empower the county to establish subdivision regulations to provide for safe and efficient growth in areas of the county located outside municipal terri
 
 *397
 
 torial limits. Because Bay John intends to build its condominium in a “flood prone” area within an unincorporated area in Baldwin County, §§ 11-19-1 through 11-19-24 and §§ 11-24-1 through 11-24-6 permit the defendants to require Bay John to submit an application for consideration of Bay John’s building plans before beginning the development. We conclude that the trial court erred in entering a summary judgment that prohibited the defendants from applying the county’s subdivision regulations to the proposed Bay John condominium development. Therefore, we reverse that judgment and remand the cause to the trial court with instructions to dissolve its injunction and to enter a judgment or to conduct further proceedings consistent with this opinion.
 

 OPINION OF MAY 25, 2007, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . In its application for a rehearing, Bay John asserts that a reversal of the summary judgment would in some manner violate our Supreme Court's directive in
 
 City of Tuscaloosa
 
 v.
 
 Bryan,
 
 505 So.2d 330 (Ala. 1987). We disagree; that decision focused entirely upon the construction of the planned-unit-development section of a municipal
 
 zoning ordinance.
 
 This case centers upon the proper application of a county planning commission's subdivision regulations.